Learned, J.
The request which the defendant makes is not one to which it has an absolute right. The court has a discretion to grant or refuse it. And in considering the matter we should be very careful to see that the alleged claim of the third perso]| (in this case Isham) is one which has at least an apparent validity. There must always be a real doubt in the mind of the defendant, based upon facts, as to who has the just claim, before an interpleader should be permitted, or the provisions of the Code, § 820, should be enforced. _•
Now, in this present cáse, the affidavit of the defendant merely states that Isham makes a demand without collusion, and that the nature of the demand is that plaintiffs are not lawful assignees of the claim. Isham, on whom notice was duly served, made no affidavit as to his claim, and did not appear on the motion for substitution. He should have presented some proof of the validity of his claim be *568 fore the plaintiffs should be embarrassed in prosecuting a clairn to which they show an apparently good title. It is an injury to the plaintiffs to have a defendant, who may be irresponsible, substituted for one who is responsible, and ,thus be in danger of paying the costs of litigation. And it is also an injury to them to lose the interest on their claim. For these reasons substitution should not be granted, unless a clear case is shown. It is quite doubtful in the present instance whether defendants show any prima facie ground of action on the part of Isham.
Order reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.
Bockes and Landon, JJ., concur.