Martin, J.
The first error complained of by the testator is, that the trial court directed the jury to find as a fact that the defendant’s testator signed the paper in suit as a note. The question chiefly litigated was the validity of the $1,000' note upon which the action was brought. It was alleged as a defense that the note was without consideration and was not executed or delivered by the defendant’s testator.
On the trial the signature to the note was proved by the opinion of one witness. The plaintiff, who was called by the defendant, testified that the defendant’s testator gave her the note in suit, and the witness Weeden testified that such testator admitted that he made that note. Moreover, the defendant’s attorney, on the trial, stated that they should not give any evidence on the question of handwriting, but that the execution of the paper would be disputed. There was no direct evidence that this note was not made and signed as testified to by the plaintiff. It is a general rule that where a disinterested witness, who is in no way discredited, testifies to a fact within his knowledge which is not of itself improbable or in conflict with other evidence, the witness is to be believed and the fact to be taken as legally established so that it cannot be disregarded by court or jury. Kelly v. Burroughs, 102 N. Y., 93; 1 N. *198 Y. State Rep.,161. But this rule is subject to the exception that where the statements of the witness are grossly improbable or he has an interest in the question at issue, courts and juries are not bound to refrain from exercising their judgment and to blindly adopt the statement of such witness. Elwood v. The Western Union Telegraph Co., 45 N. Y., 549; Kavanagh v. Wilson, 70 id., 177; Koehler v. Adler, 78 id., 287; Wohlfahrt v. Beckert, 92 id., 490; Sipple v. The State, 99 id., 284.
The question here presented is, whether the facts proved on the trial bring this case within the general rule or whether it is within the exception. As we have already seen, the execution of this note was proved by the opinion of a credible and disinterested witness, by the admission of the defendant’s testator, testified to' by another- credible and disinterested witness, and by the plaintiff, who is called by the defendant, who has thus indorsed her as worthy of credit although interested. Pollock v. Pollock, 71 N. Y., 137, 151, 152.
With this evidence in the case, and none contradicting it, the case was clearly within the rule, and not within the exception which is invoked by the defendant. We think the court committed no error in instructing the jury as it did upon the question of the execution of this note.
The proof of the consideration for the note in suit was properly admitted.
An agreement to marry," which is performed, is good consideration for a note. Banfield v. Rumsey, 4 T. & C., 322.
The note and contract were both in writing, and how any question under the statute of frauds can arise, is not quite apparent. But the defendant contends that this proof tended to alter, vary or contradict the written agreement between the parties, and hence was inadmissible. We do not think so. While it is true that the general rule forbids the admission of paroi evidence to vary or contradict a written contract, still when the original contract was verbal and entire and a part only is reduced to writing and there is nothing upon its face to show that it was intended to express the whole contract between the parties, then this rule does not apply. Chapin v. Dobson, 78 N. Y., 74; Eighmie v. Taylor, 98 N. Y.,288, 294.
In this case the agreement relied upon provides that “ the party of the first part is to give to said Olive Fuller a note of $300 as á consideration, among other things, of her marrying him and becoming his wife,” thus it not only failed to show that it was intended to express the whole contract between the parties, but it is apparent upon the face of the agreement that the whole consideration was not expressed. We think the evidence was properly admitted.
*199 The trial court properly declined to hold that the note in -suit was void because given by a husband to his wife. This ruling seems to be fully justified by the doctrine of the cases of Adams v. Adams (91 N. Y., 381), Benedict v. Driggs (34 Hun, 94); Granger v. Granger (9 N. Y. State Rep., 211).
There was no error based on the irregularity or informality of the pleadings which would require a reversal of this judgment. We think the trial court was right in its rulings upon that question. If not, the pleadings should be amended, if necessary, to conform to the proof.
We find'no errors in this case which require a reversal of the judgment herein. Judgment affirmed, with costs.
Hardin, P. J., and Fóllett, J., concur.