This is an appeal from the refusal of the court below to strike off a judgment.
Plaintiff corporation as contractor and defendant as owner entered into a written agreement dated October 1, 1940 for the construction of a building in York. The contractor was to plan the work, purchase materials, furnish labor, supply equipment, and perform all other services incident to the enterprise, and for its services was to receive a fee of eight per cent; the cost of the work including all expenditures made by either contractor or owner was to be borne by the latter. The contractor was to be paid each month for moneys expended for payroll during the preceding mouth, final payment to be made within sixty days after completion of the work. The owner agreed that if, for any reason not the fault of the contractor, he refused to carry out the terms of the agreement any attorney of any court of record was empowered to appear for him and confess judgment against him for any sums then due or to become due to the contractor, with an attorney's commission for collection, and release of all errors. *Page 297 
On April 14, 1941 attorneys appearing for defendant executed a praecipe to the prothonotary to enter judgment in accordance with the warrant of attorney contained in the agreement for the sum of $42,684, with interest at five per cent from November 1, 1940 and attorneys' commissions of five per cent for collection. This was accompanied by an affidavit by the president of plaintiff corporation setting forth that the parties had entered into the agreement which was attached to the praecipe and affidavit, and that, in accordance therewith, the estimated cost of the work was $43,684 of which defendant had paid on account the sum of $1,000 but refused to pay the balance; that defendant was thereby in default and the sum due and owing from defendant to plaintiff was $42,684, with interest from November 1, 1940, together with attorneys' commissions of five per cent. The prothonotary entered judgment in favor of plaintiff in the amount stated.
On July 17, 1941 a fi. fa. was issued and levy made. On September 9, 1941 defendant presented a petition and obtained a rule to open the judgment, with an order staying the execution proceedings; plaintiff filed an answer and ruled defendant to take testimony of his witnesses, but no such testimony was taken and on October 6, 1941, on motion of plaintiff's attorneys, judgment of non pros was entered and the rule to open the judgment was discharged. On November 1, 1941, a sale of defendant's real estate was made by the sheriff; the sale was attacked by a rule by defendant to set it aside, which rule was subsequently discharged, and on December 9, 1942 the sheriff delivered deeds to the properties. On June 18, 1943 a deficiency judgment in the amount of $10,922.63 was entered against defendant. On July 6, 1943 defendant filed a petition and obtained a rule to strike off the judgment, to which an answer was filed, and the court, after argument, discharged the rule, from which action defendant now appeals.
It is defendant's contention that the judgment of April 14, 1941 was invalid because, while the Act of *Page 298 
February 24, 1806, 4 Sm. L., P. L. 270, Sec. 28, makes it the duty of the prothonotary to enter judgment against the obligor, without the agency of an attorney or declaration filed, on an instrument in which judgment is confessed or containing a warrant for an attorney at law or other person to confess judgment, such judgment may be entered only on the application of the original holder or his assignee of such instrument and only for the amount which, from the face of the instrument, may appear to be due.
It is true that if the amount due is not stated in the instrument and cannot be ascertained by calculation from information which it itself furnishes, the prothonotary is not vested by the act with either the duty or the power to enter judgment: Schwartz v. Sher, 299 Pa. 423, 149 A. 731; LansdowneBank Trust Company v. Robinson, 303 Pa. 58, 154 A. 17. It is also true that the statute does not authorize the prothonotary to act except on the application of the original holder of the instrument or his assignee: Ingersoll v. Dyott, 1 Miles 245. If, therefore, the judgment here in question were to be regarded as having been entered by the prothonotary by virtue of his statutory duty defendant's contention would be entirely justified, for obviously the amount due did not appear and could not be ascertained from the face of the contract and the request for the entry of the judgment was made by attorneys purporting to represent defendant, not plaintiff.
There are two methods by which a warrant of attorney to confess judgment may be utilized in order to accomplish its purpose. One is through the medium of the Act of 1806. In avoiding the necessity of having an attorney appear for the obligor in cases where the amount due appears on the face of the instrument the purpose of that act was to exempt the obligor from the payment of an attorney's fees: Helvete v Rapp, 7 S. R. 306. The second method is that of defendant himself, or an authorized attorney on his behalf, confessing the judgment; this practice was in use from the earliest *Page 299 
times and long before the passage of the Act of 1806:Cooper v. Shaver, 101 Pa. 547, 549; see also Cook v. Gilbert, 8 S. R. 567; M'Calmont, Administrator, v. Peters, 13 S. R. 196. The question in the present case is whether the attorneys acting for defendant did in fact confess this judgment as they were empowered to do by the warrant of attorney contained in the contract. That they did not do so ipsissimis verbis or in other conventional terms must be conceded. But no particular phraseology in confessing a judgment is required; it is the substance and not the form that is important. What the attorneys were authorized to do was to cause a judgment to be entered against defendant and if they instructed the prothonotary to do this in a ministerial capacity they were, in effect, confessing a judgment, and the prothonotary was acting, not independently by virtue of his office and in pursuance of the duty imposed upon him by the Act of 1806, but on behalf of attorneys for defendant authorized to do what defendant could have done himself, namely, cause or procure a judgment to be entered against him; certainly, if he himself had instructed the prothonotary to enter this judgment he would be confessing judgment against himself, and that is just what the attorneys did who appeared for him under the authority given by him for that purpose. It was therefore not necessary that any of the requirements of the Act of 1806 should have been observed. Plaintiff's affidavit set forth the amount paid on account and the balance alleged to be due; if the amount was overstated or the claim for interest or collection fees was unjustified defendant's remedy was by a rule to open the judgment, not to strike it off.
Holding then, as we do, that the judgment entered was not invalid, it becomes unnecessary to consider whether, even had it been defective, defendant lost his rights to attack it because of laches or estoppel in view of the fact that he first petitioned to open it and his rule was discharged for want of prosecution, that he was defeated in challenging the sale of the real estate under *Page 300 
the judgment, and that he subsequently suffered the entry of a deficiency judgment. For the same reason we need not discuss the effect of the provision in the warrant of attorney releasing all errors.
The order discharging the rule to strike off the judgment is affirmed at defendant's cost.