Gratz et al., Appellants, *v*. Margolis.

Argued March 17, 1958. Before Rhodes, P. J., Hirt, Gunther, Wright, Woodside, Ervin, and Watkins, JJ.

*Ronald N. Rutenberg*, with him *Harry A. Rutenberg* and *David Freeman*, for appellant.

*Martin Vinikoor*, with him *Howard L. Criden*, for appellee.

OPINION BY HIRT, J., June 11, 1958:

On October 1, 1953, the plaintiffs leased a garage building to the defendant for the term of one year, for money rent reserved payable at $75 per month. The lease provided for a continuation of the tenancy from month to month after the expiration of original term. Under this right conferred, the defendant continued to occupy the premises until November 1, 1955; all of the accrued rent, at $75 per month, had been paid when he vacated the premises on that date.

The lease in paragraph 8(b) provided: "Lessee covenants and agrees that he will without demand . . . repair all damage . . . to the premises in general; keep the same in good order and repair as they are now, reasonable wear and tear . . . excepted. The lessee agrees to surrender the demised premises in the same condition in which Lessee has herein agreed to keep the same during the continuance of this lease." Paragraph 8(h) is to this effect: "Lessee shall be responsible for

the condition of the pavement, curb, cellar doors . . . and other erections in the pavement during the term of this lease . . ." In paragraph 6(a) it was stated: "Lessee agrees to pay *as rent in addition to the minimum rental herein reserved* any and all sums which may become due by reason of the failure of the lessee to comply with all the covenants of this lease . . . and also any and all damages to the demised premises caused by any act of neglect of the Lessee." Paragraph 13(e) authorized the Lessors "to go upon the demised premises in the event of the failure of lessee to perform his covenants" and to make repairs necessary to restore the premises, "the cost thereof, at the sole option of Lessor, to be charged to Lessee *as additional and delinquent rent.*" (Italics added).

The lease authorized the entry of judgment by confession in an amicable action "for the recovery of rent . . . or other charges, payments, costs, and expenses reserved as rent or agreed to be paid by the Lessee . . ." Purportedly on this authority the plaintiffs confessed judgment against the defendant in the sum of $1,589.70 as "other charges, payments, costs and expenses reserved as rent" which sum included an attorney's commission of 5%. In the amicable action it was averred in the narr, by way of assessment of damages in the above amount, that "as a result of the activities of said defendant in and about said demised premises the stone curb and the pavement were damaged."

Defendant petitioned the court to strike off the judgment and after hearing the rule granted thereon was made absolute. Plaintiffs' appeal is from that order.

There is a material difference between a proceeding attending an application to the prothonotary to enter judgment under the Act of February 24, 1806, P. L. 334, 4 Sm. L. 270, and the entry of judgment

by an attorney in an amicable action on the authority conferred by warrant of attorney. On the authority of *Kros v. Bacall Textile Corp.*, 386 Pa. 360, 366, 126 A. 2d 421, we may take it to be settled law that an obligor may confess judgment against himself in any way, and conditioned upon any terms he might see fit; and what he may do in this respect he may authorize any attorney to do for him in an amicable proceeding and without recourse to the Act of 1806, supra. In the *Kros* case, supra, it is said, p. 364: "Under the Act of 1806, judgment can be entered by the prothonotary only for the amount which from the face of the instrument may appear to be due [and not for an unliquidated amount. Cf. Phila. Gas Heating Co. v. Sanders, 181 Pa. Superior Ct. 510, 124 A. 2d 435]. In the case, however, of a judgment entered in an amicable action in pursuance of a warrant of attorney it is necessary only that the affidavit on which the confession of judgment is based should set forth defendant's default justifying the entry of the judgment and the amount alleged to be due as a result thereof; it is not an objection to the validity of the judgment that the facts supporting such averments can be ascertained only from evidence dehors the face of the obligation; if such facts are contested the defendant's remedy is by rule to open the judgment, not to strike it off."

The lease in the present instance provided that the cost of repairs necessary to restore damaged property was to be charged to lessee as *additional rent*. Accordingly judgment under the authority of the warrant might have been properly entered for the cost of restoration on averments in the narr of adequate facts in support of the total cost. *Grady v. Schiffer,* 384 Pa. 302, 121 A. 2d 71; *Kros v. Bacall Textile Corp.,* supra. It is a firmly established rule of construction of warrants to confess judgments that the authority "thus given must be clear, explicit, and strictly construed,

that if doubt exists it must be resolved against the party in whose favor the warrant is given, and that all proceedings thereunder must be within the strict letter of the warrant": *Grady v. Schiffer,* p. 306, supra. Yet when it is reasonably clear that a given authority was intended the courts will give it effect. *W. B. Rambo B. & L. Assn. v. Dragone et al.,* 305 Pa. 24, 26, 156 A. 311.

The narr in this case alleges that the stone curb and pavement on the premises was damaged during the term of the lease and that, *according to an estimate* it would cost $809 to restore the damage. Nowhere in the narr is there any averment of any other damage to the premises or the cost of other repairs chargeable to the lessee as additional rent making up the total of $1,514 for which the judgment, with additions for costs and expenses, was entered. In *Grady v. Schiffer,* supra, the cost of repairing the damage to the property was definitely established by the amount the lessor was obliged to spend in restoring it. In the present case the landlord did not make any of the repairs and the property had not been restored by anyone. The assessment of damages in the present narr is not supported by allegations of facts essential to the entry of judgment in the above amount. The judgment therefore is not self sustaining, and the order, striking it off, was proper.

Order affirmed.