Travelers Express Co., Appellant, *v.* Segall.

Argued March 17, 1964. Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Alfred D. Whitman,* for appellant.

*Samuel C. Nissenbaum,* for appellee.

OPINION BY WOODSIDE, J., April 14, 1964:

The defendant in this case filed a petition to open or strike off the judgment which had been entered against him by confession. The court below opened it, but refused to strike it off. The plaintiff appealed the order opening; no appeal was taken by the defendant from the order refusing to strike.

The parties had entered into a written agreement whereby the defendant was to sell the plaintiff's money orders, and transmit to it the proceeds less a commission for his services. The agreement contained a power of attorney to confess judgment "for such proceeds of the sale of the aforementioned money orders or moneys received for or on account of Company for whatever

amount as may appear to be undelivered . . . and a copy of this Agreement and a statement of the balance Company believes to be then due shall be sufficient warrant and statement for the entry of said judgment."
  Judgment was confessed against the defendant in the total amount of $2378.27 which included a 20% attorney's fee of $394.89. The agreement contained no specific amount or percentage of attorney's fee, and the plaintiff has agreed to have the fee of $394.89 stricken from the judgment.

The agreement contains no sum for which judgment may be confessed. Where the amount due is not stated in the instrument and cannot be ascertained by calculation from information which the instrument itself furnishes, a judgment cannot be entered by the prothonotary acting under the Act of February 24, 1806, P. L. 334, §28, as amended, 12 P.S. §739, but it is necessary for an amicable action to be filed which must state and liquidate the amount due. *Connay v. Halstead,* 73 Pa. 354 (1873); *Better Bilt Door Co. v. Oates,* 165 Pa. Superior Ct. 465, 468, 69 A. 2d 425 (1949); Klein's Judgment by Confession in Pennsylvania, p. 76.

The judgment which the court below opened was confessed in the County Court of Philadelphia by virtue of the filing of the following: "Enter my appearance for plaintiff and defendants. Confess judgment against defendants in the amount set forth below upon the trust agreement attached hereto, upon the authority and in accordance with the terms of the warrant of attorney in said agreement. Assess plaintiff's damages sec. reg. Defendants and plaintiff entered into said trust agreement on or about December 7, 1962, under terms set forth therein. Defendants defaulted on March 21, 1963 by failing to remit to plaintiff money order proceeds due it under said trust agreement, which default has continued from the date afore-

said to the date hereof. There is presently due plaintiff from defendants the following: Amount due and unremitted $2021.76, Credits $47.29, Balance $1974.47, 20% Attorney's fee $394.89, Interest from date of default $8.91, Real Debt $2378.27. (s) Alfred D. Whitman, Attorney for Plaintiff and Defendants."

The paper filed is a hybrid document, being more than a mere praecipe asking the prothonotary to enter judgment under the Act of 1806, supra, but less than that generally used in confessing judgments by amicable actions. The practice which has been followed and approved in confessing judgments by amicable actions has varied from the filing of a simple declaration by one attorney acting for both parties[1] to the filing of a praecipe for a summons and a self-sustaining complaint with affidavit, followed by a confession with the instrument containing the power of attorney attached.

The appellee, in contending that the confession is inadequate, relies primarily upon *Gratz v. Margolis,* 186 Pa. Superior Ct. 268, 142 A. 2d 375 (1958).

The courts have not required strict conformity to a standard practice in amicable actions. In *Pittsburgh Terminal Coal Corp. v. Potts,* 92 Pa. Superior Ct. 1, 10 (1927) this Court said: "Just how the action shall be commenced and entered in the court having jurisdiction—whether by praecipe for and the issuing of an appropriate summons, or the filing of a declaration or other pleading setting forth the cause of action, or the filing of an agreement of the parties, or their attorneys, for an amicable action—is immaterial provided the defendant has agreed to the commencement of the action and the confession of a judgment therein."

---

[1] There can be no objection to the same attorney entering his appearance for both the plaintiff and the defendant. *Finance and Guaranty Co. v. Mittleman,* 93 Pa. Superior Ct. 277, 281 (1928).

Again in *Kahn v. Harlan,* 55 Pa. Superior Ct. 568, 572 (1914) this Court said: "The warrant of attorney did not prescribe that its execution should be conditioned on the filing of an ex parte affidavit by the plaintiff setting forth in detail the time and manner of default and the resulting damages. No statute or rule of court brought to our attention writes into this warrant such a condition."

The court below, however, concluded that the entry was deficient in that there was no affidavit setting forth the default and the amount owed, and then went on to say: "Under the trust agreement the defendant is entitled to commissions of 40%. The averment of default contains no statement of facts to support the general averment that $2021.76 is due and unremitted; there is no explanation of the credit of $47.29, nor does it appear whether the defendant has been given credit for the 40% commission.

"There is another grave defect in the assessment of damages. The instrument does not provide for an attorney's fee in any specific amount. The assessment of a 20% attorney's fee is not only grossly excessive, it is completely unwarranted under the agreement.

"Ordinarily we would have stricken the judgment. But, since the rule prayed for the opening of the judgment and in the alternative the striking of the judgment we elected to open rather than strike off the judgment. This is because the plaintiff's cause of action is based on a breach of trust, an unlawful conversion of trust funds. Under the circumstances we believe that the plaintiff should have the benefit of its lien while the litigation is conducted to its ultimate conclusion."

Opening a judgment is the exercise of the equitable power of the court. It is within the sound discretion of the court of first instance which will be reversed only upon demonstrated and clear abuse of discretion.

*Kogen v. Horowitz,* 169 Pa. Superior Ct. 349, 351, 352, 82 A. 2d 530 (1951). The court below, in an attempt to do equity, recognized but ignored the technical distinctions between opening and striking a judgment and the technical requirements of a confession of judgment through an amicable action. It is debatable whether or not the judgment should have been stricken, but as there was no appeal from the court's determination of that issue and as the court's order appears to be just under all the circumstances, we see no reason to disturb it.

Order affirmed.