## Reading Trust Company v. Bednar

*E. Drummond King*, for plaintiff.
*David G. Senger*, for defendants.

WIEAND, J., April 12, 1965.—On September 12, 1964, plaintiff, Reading Trust Company, caused to be filed in the office of the prothonotary a note signed by defendants, Paul Bednar and Marion Bednar, an averment of default and a praecipe for judgment. The note contained language authorizing any attorney of any court of record within the United States, or elsewhere, to appear for defendants and confess judgment against them in favor of the holder for any sum unpaid. Plaintiff was the holder of the instrument, and the prothonotary entered judgment in its favor and against defendants for $512.64, the face amount of the instrument. Defendants obtained a rule to show cause why the judgment should not be opened and a separate rule to show cause why the same should not be stricken. The latter is presently before us.

In support of their motion to strike, defendants contend that the prothonotary was without authority to enter judgment against them. They point to the absence of express authorization to the prothonotary in the body of the note and argue that the Act of February 24, 1806, P. L. 334, 4 Sm. L. 270, sec. 28, 12 PS §739, which directs the prothonotary to enter judgment upon any note containing a warrant authorizing an attorney to do so, on the "application of any person, being the original holder (or assignee of such holder) of a note", has no application, because Reading Trust Company was not the immediate assignee but only a remote assignee of the original holder.

Generally, the term "assignee" comprehends all those who take either immediately or remotely from or under an assignor: Decker v. New York Central & Hudson River Railroad Company, 57 Pa. Superior Ct. 432, 444; 6 Am. Jur. 2d, Assignments §1. An assignee is one who claims under an assignor (6 C. J. S., Assignments §1(d)); a person to whom a right is assigned whether or not the assignor is the original owner thereof: Restatement, Contracts §149(3). Indeed, common and approved usage of the term dictates the inclusion of one who takes remotely under the original assignor as well as one who takes immediately from him and should, we believe, be adopted in construing this statute: Statutory Construction Act of May 28, 1937, P. L. 1019, art. III, sec. 33, 46 PS §533.

The evident and sole intention of the legislature in enacting the Act of 1806 was to permit the entry of judgment without the intervention of an attorney and thereby exempt the obligor from the payment of attorney's fees: Noonan, Inc. v. Hoff, 350 Pa. 295, 298; Helvete v. Rapp, 7 S. & R. 306, 307. In view of this intended purpose, an interpretation such as defendants urge us to place upon the act would achieve a distinction without a difference and a result which would be unreasonable, if not absurd. Such an interpretation is improper: Stollar v. Continental Can Company, 407 Pa. 264, 268; Sherwood v. Elgart, 383 Pa. 110, 114; Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 52(1), 46 PS §552(1).

For these reasons, we are persuaded that the legislature did not intend to limit the authority of the prothonotary to enter judgment to those instances in which application was made by the original holder of an instrument or his immediate assignee, but intended rather that the effect of the statute extend to and include all assignees who traced their title, immediately

or remotely, through the assignment of the original holder.

Defendants also argue that the entry of judgment by the prothonotary was unauthorized, because the precise amount due at any given moment could not be ascertained from the face of the instrument. His lack of authority, it is contended, results from the very nature of an installment note and the language of this note which permitted the entry of judgment only in the event of default. In this, there is no merit. It is true, of course, that under the Act of 1806, "if the amount due is not stated in the instrument and cannot be ascertained by calculation from information which it itself furnishes, the prothonotary is not vested by the act with either the duty or the power to enter judgment": Noonan, Inc. v. Hoff, supra, at page 298; Lansdowne Bank & Trust v. Robinson, 303 Pa. 58; Schwartz v. Sher, 299 Pa. 423; Sterling Electrical & Furniture Company v. Mitchell, 179 Pa. Superior Ct. 517.

In the instant matter, however, the amount due does appear on the face of the instrument, and the prothonotary entered judgment against defendants for that amount. The filing of an averment of default reciting defendants' failure to pay any of the installments required by the note did not negative his statutory power to do so. See Better Bilt Door Co. v. Oates, 165 Pa. Superior Ct. 465.

Our decision that the prothonotary was empowered by the Act of 1806 to enter judgment against defendants on this note makes it unnecessary to consider the collateral argument made by plaintiff that defendants had waived the right to question the manner in which judgment was entered by executing as a part of the note a "release of all errors". Similarly, the identity of the person signing the praecipe for judgment on plaintiff's behalf becomes unimportant.

ORDER

And now, April 12, 1965, it is ordered and decreed that defendants' rule to show cause why the judgment entered in these proceedings should not be stricken is dismissed.