393 A.2d 801

**FLORIDA CRAB HOUSE, INC.**

v.

**Roy P. HAKE, Appellant.**

Superior Court of Pennsylvania.

Argued March 14, 1978.

Decided Oct. 20, 1978.

Gibson Smith, Jr., York, for appellant.

No appearance entered nor brief submitted for appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HESTER, Judge:

This is an appeal from the lower court's refusal to strike a default judgment.

The facts are as follows: On January 19, 1977, appellee Florida Crab House, Inc. caused said judgment to be entered against appellant pursuant to a boilerplate confession of judgment clause contained in a judgment note executed by appellant in conjunction with an agreement of sale wherein appellant agreed to purchase the stock of appellee corporation for $229,000.00. The note was intended as a down payment for the stock.

On April 22, 1977, the lower court issued a rule upon appellee to show cause why the judgment should not be stricken. Discovery consisted of the taking of the depositions of appellant and the President of appellee corporation (Kenneth J. Ruth).

Thereafter, the court issued an Opinion and Order denying appellant's Petition to Strike. Hence the within appeal.

We find the lower court abused its discretion and accordingly reverse.

The lower court *sua sponte* considered appellant's petition as a Petition to Open and not as a Petition to Strike.

In its Opinion, the court held, in relevant part:

Although the petition of the defendant is entitled "Petition to Strike-Off Judgment" and his prayer for relief requests the Court to "strike-off judgment" it is clear from reading the allegations in the petition that it is the Defendant buyer's wish to have the judgment opened since there is no allegation set forth in the petition which raises formal defects in the note or the proceedings, . . We therefore will consider this matter as a Petition to Open Judgment. (Opinion, page 2)

We find the same to be in error.

Pennsylvania Rules of Civil Procedure 2951 provides, inter alia:

(a) Judgment by confession may be entered by the prothonotary, as authorized by the Act of February 24, 1806, P.L. 334, 4, Sm.L. 270, sec. 28, as amended, 12 P.S. Sec. 739, without the agency of an attorney and without the filing of a complaint, declaration or confession, for the amount which may appear to be due from the face of the instrument. The judgment may include interest computable from the face of the instrument.

(b) An action which is not filed under the act of February 24, 1806, P.L. 334, 4 Sm.L. 270, sec. 28, as amended, 12 P.S. Sec. 739, shall be commenced by filing with the prothonotary a complaint substantially in the form provided by Rule 2952. Even though the instrument is one on which judgment could be entered by the prothonotary under the Act of 1806, the plaintiff may commence the action by filing a complaint.

(c) If the instrument is more than ten (10) years old or if the original cannot be produced for filing *or if it requires the occurrence of a default or condition precedent before judgment may be entered, the occurrence of which cannot be ascertained from the instrument itself, the action must be brought under Subdivision (b).* (Emphasis supplied by this court)

The printed portion of said judgment note provides: "On demand after date, I/we promise to pay to the order of

. . ." Thereafter, the following words were inserted: "*according to the terms of contract here attached.*" (Emphasis added)

Continuing, the last sentence of the printed portion of the body of the judgment note in question, reads: "This note is given as security for down payment and as security for liquidated damages as provided for in the agreement of sale, between ourselves and _____, dated _____." The words, "Florida Crab House, Inc." and the date, "12/30/76" are thereafter inserted in the appropriate places.

However, the contract referred to (the stock purchase agreement) was neither independently recorded nor attached to and recorded in conjunction with the judgment note. No complaint in confession of judgment was filed with the prothonotary.

Judgment in the amount of $22,500.00 was entered in favor of Florida Crab House, Inc., the appellee herein; Florida Crab House, Inc., however, is not the named payee, holder, assignee, or other transferee on the note (Pa.R.C.P. 2954). As incongruous as it appears, the named payee on the judgment note is "according to the terms of contract here attached", which contract, unfortunately for appellee, was neither attached nor recorded with the note.

The Pennsylvania Supreme Court in *Scott Factors, Inc. v. Hartley,* 425 Pa. 290, 292–293, 228 A.2d 887, 888 (1967), stated:

In Pennsylvania, we have long recognized and permitted the entry of a judgment by confession upon the authority of a warrant of attorney contained in an agreement between the parties. However, fully cognizant of the possibilities of abuse which might arise from the recognition of the right to enter judgments by confession, our courts have been strict in passing upon the validity of judgments so entered. The entry of a valid judgment by confession can only be accomplished if such entry is accomplished in rigid adherence to the provisions of the warrant of attorney; otherwise, such judgment will be

stricken. The determination of the validity of such judgments rests upon a strict construction of the language of the warrant of attorney and any doubt as to the validity of such judgments must be resolved against the party entering the judgments.

The warrant constitutes a grant of authority by one contracting party to the other, upon the happening of a certain event, i. e., a breach of the terms of the agreement wherein the warrant is contained, to enter that which results ordinarily only after a trial of the issue between the parties, i. e., a judgment. Such judgment when entered carries with it the same legal consequences as any judgment of a court. Not only must the given authority be exercised in the exact manner agreed upon between the parties but also the authority, once exercised, ceases to exist.

Because of the formal defect in the note as recorded and appellee's failure to strictly comply with Pa. Rule of Civil Procedure 2951 as aforequoted, we have no alternative but to strike the judgment.

Order reversed and judgment directed to be stricken from the record.

HOFFMAN, J., did not participate in the consideration or decision of this case.