419 A.2d 593

**VAN ARKEL & MOSS PROPERTIES, INC., and the M. A. Kravitz Company, Inc., Co–Partners t/a Head House Venture, a Limited Partnership, Appellees,**

v.

**KENDOR, LTD., Appellant.**

Superior Court of Pennsylvania.

Argued June 26, 1979.

Filed April 11, 1980.

548

John L. Jenkins, Philadelphia, for appellant.

Stephen Levin, Philadelphia, for appellees.

Before WIEAND, LOUIK and ROBINSON, JJ.*

WIEAND, Judge:

This is an appeal from an order refusing to strike or open a judgment which had been confessed pursuant to the warrant of attorney contained in a written agreement of lease.

On September 1, 1978, the lessor, Head House Venture, a limited partnership, confessed judgment for rent and charges due, as well as for accelerated rent, under a written, shopping mall lease. On September 6, 1978, the tenant, Kendor, Ltd., filed a petition to strike or open the judgment. This was dismissed on November 27, 1978. A petition to reconsider resulted in an order striking that portion of the judgment representing accelerated rent. This reduced the

---

* Judge DONALD E. WIEAND is sitting by special designation. President Judge OTTO P. ROBINSON of the Court of Common Pleas of Lackawanna County, Pennsylvania, and Judge MAURICE LOUIK of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

judgment to $31,949.93.[1] An appeal from the dismissal of the tenant's petition to strike or open the judgment was filed and is now before this Court for determination.

The lease authorizes confession of judgment for rent and other charges in the following language:

"SECTION 18.09. Entry of Judgment. In the event of any default by Tenant either in the payments of rent or any other charge herein  .   .   .  Tenant hereby empowers any Prothonotary or attorney of any court of record to appear for Tenant in any and all actions which may be brought for rent or the charges, payments, costs and expenses reserved as rent, or agreed to be paid by the Tenant, and to sign for Tenant an agreement for entering in any competent Court an amicable action or actions for the recovery of rent or other charges or expenses, and in said suits or in said amicable action or actions to confess judgment against Tenant for all or any part of the rent specified in this Lease and then unpaid including, at Landlord's option, the rent for the entire unexpired balance of the term of this Lease and other charges, payments, costs and expenses reserved as rent or agreed to be paid by the Tenant, and for interest and costs together with an attorney's commission of five (5%) percent, but without deduction therefrom for the fair rental value of the premises.   .   .   ."

The lessor proceeded pursuant to Pa.R.C.P. No. 2951(b) to file a complaint in the form prescribed by Pa.R.C.P. No. 2952. Lessor's counsel thereafter appeared and confessed judgment against the tenant. Appellant contends that the judgment should have been stricken because it included amounts which could not be determined from the face of the lease and which required consideration of matters dehors the record.

Pennsylvania Rule of Civil Procedure No. 2951 recognizes that at least two procedures are available for con-

---

1. It appears that this reduction was agreed to by the parties, who also resolved a pending proceeding by the lessor to reacquire possession of the demised premises.

fessing judgments. Thus, Rule 2951(a) recognizes the right of the prothonotary to enter judgment by confession under the Act of February 24, 1806, P.L. 334, 4 Sm.L. 270, § 28, as amended, 12 P.S. § 739, without the agency of an attorney "for the amount which may appear to be due from the face of the instrument." Rule 2951(b) requires a "complaint" procedure and replaces the amicable action under prior practice. See also: Pa.R.C.P. Nos. 2955 and 2962. This is the procedure which must be followed if the amount due cannot be ascertained from the face of the instrument. Goodrich–Amram 2d § 2951:1. Where the complaint procedure is followed, the plaintiff need only aver a default and allege the amounts due; a challenge to the accuracy of such amounts can be resolved by a petition to open the judgment. Pa.R.C.P. No. 2959.

These alternative procedures for confessing judgments and their differing uses have long been a part of the law of this Commonwealth and have been discussed in the following decisions: *Lenson v. Sandler*, 430 Pa. 193, 241 A.2d 66 (1968); *Kros v. Bacall Textile Corp.*, 386 Pa. 360, 126 A.2d 421 (1956); *Noonan, Inc. v. Hoff*, 350 Pa. 295, 38 A.2d 53 (1944); *Gratz v. Margolis*, 186 Pa.Super. 268, 142 A.2d 375 (1958). To the extent that the decision in *Bershad v. Babe's Bar, Inc.*, 254 Pa.Super. 477, 386 A.2d 50 (1978), suggests a contrary requirement for complaint proceedings under Pa.R. C.P. No. 2951(b), it is rebutted by the Rules of Civil Procedure and decisions of the Supreme Court of Pennsylvania.

In determining whether to strike a confessed judgment, a court is limited to a consideration of matters appearing on the face of the record. *Northway Village No. 3, Inc. v. Northway Properties, Inc.*, 430 Pa. 499, 244 A.2d 47 (1968). If the record is self–sustaining the judgment will not be stricken. *Solebury National Bank of New Hope v. Cairns*, 252 Pa.Super. 45, 380 A.2d 1273 (1977). The facts averred in the complaint are to be taken as true; if the factual averments are disputed, the remedy is by a proceeding to open the judgment and not by a motion to strike. *Northway Village No. 3, Inc. v. Northway Properties, Inc.*, supra; *Kros v. Bacall Textile Corp.*, supra; *Miller v. Michael Morris, Inc.*,

361 Pa. 113, 63 A.2d 44 (1949); *J. F. Realty Co. v. Yerkes,* 263 Pa.Super. 436, 398 A.2d 215 (1979). Nevertheless, the warrant to confess judgment must be explicit and will be strictly construed. *Kline v. Marianne Germantown Corp.,* 438 Pa. 41, 263 A.2d 362 (1970); *Solebury National Bank of New Hope v. Cairns,* supra. A motion to strike will be granted when it appears that judgment has been entered for a grossly excessive amount or includes recovery for items that were not authorized by the written warrant to confess judgment. *J. F. Realty Co. v. Yerkes,* supra.

■ Applying these principles to the instant case, it is clear that the trial court properly refused to strike the judgment. The warrant to confess judgment was broad enough to include the items set forth in appellee's complaint, and appellant does not contend otherwise. The fact that it included unpaid taxes, as well as costs of water, electricity and maintenance, the amounts of which were not ascertainable without evidence dehors the lease, did not require the striking of the judgment.

The trial court also dismissed appellant's motion to open the judgment. Appellant contends that this was error, particularly because the trial court made its decision without waiting to consider depositions which appellant intended to take and of which notice had been given to the court and opposing counsel.

■ Pennsylvania Rule of Civil Procedure No. 2959(e) provides that the court shall dispose of a rule to open judgment "on petition and answer, and on any testimony, depositions, admissions and other evidence." The judgment, moreover, must be opened '[i]f evidence is produced which in a jury trial would require the issues to be submitted to the jury." Under this rule, "a court can no longer weigh the evidence in support of the defense, but must only determine whether there is sufficient evidence to allow the issue to go to a jury." *Wolgin v. Mickman,* 233 Pa.Super. 218, 222, 335 A.2d 824, 825–26 (1975); *Tenreed Corp. v. Philadelphia Folding Box Co.,* 256 Pa.Super. 49, 54, 389 A.2d 594, 597 (1978). The facts must be viewed in the light most favorable to the petitioner, and a court must accept as true all evidence and

proper inferences therefrom supporting the defense and must reject the adverse allegations of the plaintiff. *Tenreed Corp. v. Philadelphia Folding Box Co.*, supra; *Greenwood v. Kadoich*, 239 Pa.Super. 372, 376, 357 A.2d 604, 606 (1976).

Philadelphia Rule 140(D) provides:

"When a matter is placed on the motion list, it shall be promptly referred to a judge for decision. The assigned judge shall initially review the filing and response to determine whether any disputed issues of fact exist. Where it appears that disputed issues of fact exist which must be resolved under Pa.R.C.P. 209, the judge shall enter a rule upon the parties to proceed in accordance with Rule 209. Any filings pursuant to Rule 209 shall be made directly with the assigned judge."

■ In the instant case, appellant filed a praecipe to place its petition on the motion list and indicated therein that oral argument was not desired. However, the court and opposing counsel were notified that depositions were to be taken in support of the petition. Nevertheless, the trial court decided the case on petition and answer. This the court could not do unless there were no disputed issues of fact. *D'Amore v. Erthal*, 421 Pa. 417, 219 A.2d 674 (1966); *Zinck v. Smashy's Auto Salvage, Inc.*, 250 Pa.Super. 553, 378 A.2d 1287 (1977); *Instapak Corp. v. S. Weisbrod Lamp & Shade Co., Inc.*, 248 Pa.Super. 176, 374 A.2d 1376 (1977).

The petition to open judgment avers that appellant was induced to enter the lease by appellee's fraudulent misrepresentations of material fact. Appellee denies these averments. The pleadings thus disclose one or more disputed issues of fact. To dismiss appellant's petition without first affording appellant an opportunity to prove the averments thereof was premature. Consequently, the order will be vacated. Upon remand, appellant should be given an opportunity to take depositions on disputed issues of fact in accordance with Pa.R.C.P. No. 209.

The order dismissing the motion to strike the judgment is affirmed. The order dismissing the motion to open the

judgment is vacated, and the case is remanded for proceedings consistent with the foregoing opinion.

This decision was made following the death of ROBINSON, J.