425 A.2d 801

Goldie EVANS, Appellant,

v.

BLIMPIE BASE, INC. and Matthew Foods, Inc.

Superior Court of Pennsylvania.

Argued Dec. 3, 1980.

Filed Feb. 13, 1981.

Joseph Rappaport, Philadelphia, for appellant.

John J. Gallagher, Philadelphia, for appellee.

Before CERCONE, President Judge, and PRICE, SPAETH, HESTER, CAVANAUGH, BROSKY and MONTGOMERY, JJ.

CAVANAUGH, Judge:

This dispute concerns a long-term commercial lease. Appellees, a Pennsylvania corporate franchisee and its parent corporation, a fast food chain, entered into a lease dated October 11, 1974, for commercial property at Broad and Diamond Streets in Philadelphia. The appellant is the lessor.

The lease in question contains provisions for entry of judgment in an amicable action in assumpsit for damages for failure to pay taxes due as rent and additional rent; and for entry of judgment in an amicable action of ejectment for violation of the lease. Pursuant to these provisions judgment was confessed against lessees under authority of the warrant contained in the lease in the sum of $10,430.19 due in unpaid taxes and water bills. Lessees filed a petition to strike and/or open the judgment. The lessees' petition to strike the judgment was granted by the court below. We reverse and remand.

The lower court granted the petition to strike holding that because the amount due for water rent and taxes is not ascertainable by calculation from information which the

lease itself provides, judgment may not be confessed. Appellant-lessor argues that where, as here, the judgment is entered in an amicable action by an attorney under authority conferred in the warrant contained in the lease, the amount claimed to be due need not be ascertained from the instrument itself. Thus, they claim, the complaint filed pursuant to Pa.R.C.P. 2952, supported by an averment of default executed by the attorney for the defendants, together with an assessment of damages for the amount due was sufficient to withstand a petition to strike. We agree.

The Pennsylvania Rules of Civil Procedure provide for two methods of proceeding in entering a judgment by confession. Rule 2951(a), Pa.R.C.P. recognizes the authority of the prothonotary to enter judgment without the agency of an attorney or the filing of a complaint. However, the prothonotary may only enter judgment for the amount which may appear to be due from the face of the instrument.

An alternate method for proceeding found in 2951(b) permits an action to be commenced by filing a complaint. This complaint procedure replaces the prior practice relating to amicable actions. Subsequent to the entry of judgment in this case subdivision (c)[1] of Rule 2951 was amended so that it now specifically authorizes an action to be brought under 2951(b) where "the computation of the amount due requires consideration of matters outside the instrument." According to the explanatory note this merely codifies existing practice. As noted above this was the procedure followed in the instant case.

In *Lenson v. Sandler*, 430 Pa. 193, 241 A.2d 66 (1968), the Pennsylvania Supreme Court addressed the differing methods by which a judgment may be confessed. There the prothonotary exceeded his statutory authority by entering judgment against a lessee although the amount due was not

1. Subdivisions (a), (b), (c) of Rule 2951 amended December 14, 1979, effective February 1, 1980, applicable to all proceedings to enter judgment by confession commenced on or after the effective date. The amendments to subdivisions (a) and (b) do not change existing law.

ascertainable from the face of the instrument. In striking the judgment the court stated:

> The issue before us would not have arisen had the Lessor pursued its remedy by entering judgment in an amicable action by an attorney under the authority conferred in the warrant contained in the lease. Had such been done, it would only have been necessary that the affidavit on which the confession of judgment was based set forth Lessee's default justifying the entry of the judgment and the amount *alleged* to be due as a result thereof. The judgment then entered would have been valid and, if Lessees had wished to contest the facts contained in the affidavit and entry of judgment, they could have petitioned the court to open the judgment so that evidence might be presented to mitigate the *alleged* assessment of damages: *Gratz Brothers v. Margolis,* 186 Pa.Super. 268, 142 A.2d 375 (1958); *Kros v. Bacall Textile Corp.,* 386 Pa. 360, 126 A.2d 421 (1956); *Noonan, Inc. v. Hoff,* supra. The Lessor did not so proceed.
>
> The clear distinction between the entry of judgment by a prothonotary and the entry of judgment as a result of an amicable action filed by an attorney under the warrant in the instrument must be maintained.

430 Pa. at 201, 241 A.2d at 70.

In the instant case the lower court found support for striking the judgment in *Edward Bershad Company v. Babe's Bar, Inc.,* 254 Pa.Super. 477, 386 A.2d 50 (1978). There judgment was confessed on a lease for personal property. This court held that the judgment must be stricken because the amount alleged to be due was not readily ascertainable from the face of the instrument. However, although the court in *Bershad* did not specifically address the method of proceeding employed in confessing judgment, it is clear from the record that the complaint procedure under Rule 2951(b) was followed. Therefore, *Bershad* must be overruled as it is inconsistent with the Rules of Civil Procedure and with case law which has long upheld the distinction between the alternate methods of confessing judgment. *Lenson v. Sandler, supra; Kros v. Bacall Textile*

*Corporation*, 386 Pa. 360, 126 A.2d 421 (1956); *Noonan, Inc. v. Hoff*, 350 Pa. 295, 38 A.2d 53 (1944); *Gratz v. Margolis*, 186 Pa.Super. 268, 142 A.2d 375 (1958).[2]

The order of the lower court striking the confession of judgment for taxes due as rent and additional rent and the order striking the confession of the judgment in ejectment are reversed. Because the lower court took no action on the petition to open judgment, we remand for consideration of that petition.

Orders reversed and case remanded for consideration of petition to open judgment.

---

**2.** In *Van Arkel and Moss Properties, Inc. v. Kendor Ltd.*, 276 Pa.Super. 574, 419 A.2d 593 (1980), a panel of this court refused to follow *Bershad* to the extent that it is contrary to the Rules of Civil Procedure and prior case law.