443 A.2d 1148

**INDUSTRIAL VALLEY BANK AND TRUST COMPANY,**

v.

**David W. GLOSSBRENNER and Janice H. Glossbrenner, his wife, Appellants.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1980.

Filed April 2, 1982.

Petition for Allowance of Appeal Denied Sept. 14, 1982.

Samuel A. Litzenberger, Quakertown, for appellants.

John D. Trainer, Doylestown, for appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

CAVANAUGH, Judge:

Appellants David and Janice Glossbrenner contend that the lower court erred in refusing to strike a confessed judgment entered against them. We agree and therefore reverse.

On January 29, 1978, appellee Industrial Valley Bank and Trust Company confessed judgment against appellants in the amount of $26,500.00. The judgment was entered on a "suretyship agreement" containing a valid confession of judgment clause. By the terms of that contract, which was dated June 19, 1972, appellants agreed to become surety to appellee "for the prompt payment at maturity of all liabilities of [Greensleeves Corp.] to [appellee], now existing or hereafter arising." A judgment note in the amount of $26,500, executed by appellant David Glossbrenner as president of Greensleeves Corp., was filed with the suretyship agreement at the time judgment was entered. The judgment note was dated February 20, 1974.

Appellants filed a petition to strike or open the judgment on October 10, 1978. They voluntarily abandoned their petition to open judgment and proceeded only on the petition to strike. Following oral argument, the trial court entered an order denying the motion to strike the judgment. Appellants filed an appeal to this court.

Pennsylvania Rule of Civil Procedure No. 2951 provides for two separate methods of confessing judgment.[1] Under Rule 2951(a), the prothonotary may enter judgment by confession "without the agency of an attorney and without the filing of a complaint, declaration or confession, *for the amount which may appear to be due from the face of the instrument.*" (emphasis added). Rule 2951(b) requires that a complaint be filed to commence proceedings. This method replaces the amicable action under prior practice. The complaint procedure of Rule 2951(b) "must be followed if the amount due cannot be ascertained from the face of the instrument." *Van Arkel & Moss Properties, Inc. v. Kendor, Ltd.,* 276 Pa.Super. 547, 551, 419 A.2d 593, 595 (1980).

■ Our appellate courts have frequently discussed the distinction between the two different procedures for con-

---

1. Rule 2951 was amended December 14, 1979, effective February 1, 1980, applicable to all proceedings to enter judgment by confession commenced on or after the effective date. The amendments do not change existing law.

fessing judgment and have consistently held that entry of judgment by a prothonotary is improper, and that the complaint procedure *must* be followed, in any case in which a determination of the amount due requires consideration of any matter outside the instrument itself. *Evans v. Blimpie Base, Inc.,* 284 Pa.Super. 256, 425 A.2d 801 (1981); *Van Arkel & Moss Properties v. Kendor, Ltd.,* 276 Pa.Super. 547, 419 A.2d 593 (1980); *Lenson v. Sandler,* 430 Pa. 193, 241 A.2d 66 (1968); *R. S. Noonan, Inc. v. Hoff,* 350 Pa. 295, 38 A.2d 53 (1944).

■ No complaint was filed by appellee in this case. Rather, judgment was confessed on the suretyship agreement itself and was entered by the prothonotary pursuant to Rule 2951(a).[2] The suretyship agreement does not set forth any means for calculating or ascertaining the amount due from the face of the instrument. In order to ascertain the amount due the prothonotary had to refer to a judgment note signed twenty months after the suretyship agreement. Merely filing the two documents together at the time judgment was confessed does not satisfy the requirement of Rule 2951(a) that the amount due be ascertainable "from the face of the instrument." The prothonotary clearly considered matter outside the instrument in entering judgment in this case.

The lower court based its conclusion that the suretyship agreement and demand note should be considered together in determining the validity of the confessed judgment on a statement made by this court in *Florida Crab House, Inc. v. Hake,* 259 Pa.Super. 230, 393 A.2d 801 (1978). That case involved a confessed judgment entered by a prothonotary on a note which referred to the payee in the following language: "according to the terms of contract here attached." The contract was not, however, attached. We stated, "As incongruous as it appears, the named payee on the judgment

2. The judgment note filed simultaneously with the suretyship agreement could not have been the basis for a confessed judgment against appellants because it was signed by David Glossbrenner only in his capacity as president of Greensleeves Corporation and it was not signed by Janice Glossbrenner at all.

note is 'according to the terms of contract here attached,' which contract, unfortunately for appellee, was neither attached nor recorded with the note." 259 Pa.Super. at 233, 393 A.2d at 803. The trial court found this statement to be authority for the conclusion that it is permissible to refer to an accompanying document in order to support a section 2951(a) judgment. Of course, it is important to understand that in *Florida Crab* the document referred to was not in fact attached and therefore the confession of judgment was stricken. We agree, however, that implicitly the case may be said to indicate that if the contemporaneous contract referred to was attached to or recorded with the note, the result might have been otherwise.

Here, however, there was no such internal integration between the suretyship agreement on which the judgment was taken and the subsequent note, and indeed there could not have been such a unified instrument since the note relied upon to supply the amount of the judgment did not even come into existence until twenty months after the date of the suretyship contract.[3]

As stated above, Rule 2951(b) provides the procedure for confessing judgment in cases where the determination of the amount due is based on matters outside the instrument. Under that section, the action must be commenced by filing a complaint. Had appellee followed this procedure in the instant case the confessed judgment would be valid. Unfortunately, it did not.

**3.** We note that when § 2951(a) was amended, effective February 1, 1980, the wording was changed to provide that judgment could be entered "for the amount which may appear to be due *from the instrument.*" (emphasis added). The explanatory note to that section states that:

> the original language referred to "the face of the instrument" to determine the amount due and the interest computable. But sometimes the necessary data may be on the reverse side of the instrument or on an annex, technically not "the face". Accordingly, these words are deleted. The essential facts now will be derived from the whole of "the instrument."

The result we reach in this case would be the same under the new rule. The judgment note can not be considered an "annex" to the suretyship agreement. It is an entirely separate document.

In view of the foregoing discussion, and mindful of the rule that "any doubt as to the validity of [confessed judgments] must be resolved against the party entering the judgments," *Scott Factors, Inc. v. Hartley*, 425 Pa. 290, 293, 228 A.2d 887, 888 (1967), we must conclude that the lower court erred in refusing to strike the judgment confessed against appellants.[4]

Order reversed and judgment directed to be stricken from the record.

---

**4.** Our conclusion that the judgment must be stricken makes it unnecessary for us to address appellants' contention that the "suretyship agreement" signed by them is actually a contract of guaranty rather than an agreement of surety. We note, however, that our review of the record supports the lower court's conclusion that it was an agreement of surety.