## Wells v. Cahan

*Robert White,* for plaintiff.
*Michael McCarey,* for defendant.

KELTON, *J.,* March 22, 1988 — By the order which follows, we strike plaintiff's judgment in the amount of $96,238.29 which was entered on October 8, 1987 purportedly pursuant to an attorney's entry of appearance, complaint and confession of judgment.

We hold that said judgment is subject to the following fatal defect which is apparent on the face of the record; namely, that *no* warrant of attorney to confess judgment was filed with the plaintiff's promissory note. Plaintiff's documents, accompanying the judgment entry, merely make reference to a "security agreement attached hereto." That document, however, was not presented to the court until February 3, 1988, long after the record in the case was closed. Even then, it was merely filed as an attachment to plaintiff's counsel's brief. Paragraph 7 of the security agreement document does contain a warrant of attorney which provides that it may be exercised in the event of a default "and if said default is not remedied within 30 days after notice." The record is *still* devoid of any averment that notice of default was ever given prior to entry of the judgment.

Plaintiff's October 8, 1987 procedure fails to meet the requirement of either subsection (a) or (b) of Pa.R.C.P. 2951. There was no "instrument confessing judgment" and judgment by confession was not "authorized by the instrument" as required by subsections (a) or (b). As such, the entry of judgment was defective on its face.

See *Industrial Valley Bank v. Glossbrenner,* 297

Pa. Super. 332, 443 A.2d 1148 (1982); *Jones v. Seymour,* 321 Pa. Super. 32, 467 A.2d 878 (1983); and *Solebury National Bank of New Hope v. Cairns,* 252 Pa. Super. 45, 380 A.2d 1273 (1977).

We do not believe that a material defect in the judgment entry such as the total lack of a warrant of attorney may be cured by a delayed filing of the actual warrant of attorney almost four months after judgment. We thus distinguish defendant's cases which permit nunc pro tunc correction of typographical or clerical record defects. See e.g., *Equibank v. Dobkin,* 284 Pa. Super. 143, 425 A.2d 461 (1981) (amendment permitted for typographical error and for verification by proper party), and *George H. Althof Inc. v. Spartan Inns of America Inc.,* 295 Pa. Super. 287, 441 A.2d 1236 (1982) (amendable defect; verification was by attorney rather than party; record remanded).

The warrant of attorney to confess the judgment is the very essence of the judgment, not a minor part of the clerical process. Without it, the judgment is void.

### ORDER

And now, March 22, 1988, defendant's petition to strike judgment is granted, and said judgment is hereby stricken.