425 A.2d 461

EQUIBANK, N.A.

v.

Ronald J. DOBKIN and Janet R. Dobkin.

**Appeal of Janet R. DOBKIN.**

Superior Court of Pennsylvania.

Argued Nov. 13, 1980.

Filed Jan. 30, 1981.

Petition for Allowance of Appeal Denied May 13, 1981.

---

144

146

Robert E. Wayman, Pittsburgh, for appellants.

Michael E. Hill, Pittsburgh, for appellee.

Before CAVANAUGH, MONTGOMERY and HOFFMAN, JJ.

MONTGOMERY, Judge:

In this appeal Janet Dobkin, the appellant, contends that the lower court erred in denying her Petition to Strike and/or Open a Judgment. The judgment in issue was a confessed judgment entered against the Appellant and her former husband. He was not a party to the Petition filed in the lower court and is not a participant in this appeal. The lower court considered the Appellant's Petition, and an answer filed by the Appellee. Further, the court held a hearing on the issues raised, considered the transcripts of depositions that were taken, and received briefs from the parties. Subsequently, the court issued an opinion and an order denying Appellant's Petition.

The Appellant's Petition consolidated all of her arguments in support of her effort to either have the judgment stricken or opened. It is clear that a court acting in such circumstances must distinguish between the two remedies sought in the evaluation of the arguments presented. A petition or motion to strike is proper only when the defect in the original judgment appears on the face of the record. *Northway Village No. 3, Inc. v. Northway Properties, Inc.*, 430 Pa. 499, 244 A.2d 47 (1968); *Triangle Building Supplies and Lumber Co. v. Zerman*, 242 Pa.Super. 315, 320, 363 A.2d 1287, 1289 (1976). If the alleged defect in the confessed judgment is based upon a matter dehors the record, the proper approach is to seek to have the court open the judgment. *Prestressed Structures, Inc. v. Bargain City, U.S.A.*, 413 Pa. 262, 196 A.2d 338 (1964); *J. F. Realty Co. v. Yerkes*, 263 Pa.Super. 436, 398 A.2d 215 (1979). The decision of the lower court as to whether or not a judgment should be opened is to be based upon equitable considerations, and we will not disturb that decision absent a clear and manifest abuse of discretion. *Foerst v. Rotkis*, 244 Pa.Super. 447, 368 A.2d 805 (1976); *Triangle Building Supplies and Lumber Co. v. Zerman*, supra. However, a proceeding to strike off a judgment concerns itself with the regularities of the record and may not be based upon the equities of the situation. *Century Credit Co. v. Jones*, 196 Pa.Super. 210, 173 A.2d 768 (1961). Where a confessed judgment in the full amount of the note is authorized by its terms, and the payee strictly follows procedures which have been set forth in the note, correctly utilizing the authority it has been granted in the provisions of the note, a denial of a petition to strike will be affirmed. See *First Pennsylvania Bank N.A. v. Weber*, 240 Pa.Super. 593, 360 A.2d 715 (1976). In the case of a petition to open a judgment, Pa.R.C.P. 2959(e) provides, in pertinent part: "If evidence is produced which in a jury trial would require the issues to be submitted to the jury, the court shall open the judgment." It is held that in order to be successful, the party seeking to open a judgment must act promptly and set forth a meritorious defense. *Tenreed Corp. v.*

*Philadelphia Folding Box Co.*, 256 Pa.Super. 49, 389 A.2d 594 (1978).[1]

With those concepts in mind, we must now review the facts established in the record. It shows that on October 4, 1978, the Appellant and her husband executed a judgment note to the Appellee, Equibank, N.A., in the amount of $25,000.00, plus interest, with payment due within the next 180 days. The October 4, 1978 note, as originally drawn, provided that it was payable on "April 1, 1978." The loan documents signed by the Appellee contained that date, rather than 1979 which was the correct due date. Thereafter, one of Appellee's employees noticed this typographical error and corrected it prior to giving the loan proceeds to Mr. Dobkin, who initialled the change.

A judgment lien against property owned by the Dobkins was the security for the loan. There was evidence that at the time of the loan, Equibank was aware that the Dobkins were separated and soon to be divorced, and also that the loan was primarily to benefit the husband. It was to serve as a so-called "swing" loan to allow him to finance the purchase of a home until he received proceeds of the planned sale of the former marital residence which he and the Appellant owned. The full proceeds of the loan were disbursed by a check from Appellee payable to the order of Appellant and her husband. The Appellant did not deny that she signed the judgment note and endorsed the check. However, it is clear from the record that Ronald Dobkin alone negotiated the loan and was informed by the Appellee that he would not receive the loan without his wife's signature, indicating her agreement to be bound with her husband on the loan. Mr. Dobkin visited the Appellant at her separate residence with all of the loan documents provided by Appellee, and secured her signature. At no time prior to her execution of the note did any Equibank representative explain to Appellant her duties or rights in regard to the terms therein. Appellant and her then husband Ronald Dobkin endorsed the check for $25,000.00 received from the

1. There is no contention that the Appellant did not file her Petition in a timely manner in this case.

Appellee, and the husband deposited it in his own bank account.

On November 1, 1978, one month after execution of the note, Equibank filed its Complaint in Confession of Judgment pursuant to the terms of the note, which authorized confession of judgment without default, pursuant to a warrant of attorney.[2] Judgment was entered against Appellant and Ronald Dobkin for $28,750.00, the face amount plus attorney's fees. A notice of the entry of judgment was mailed to the former marital home, which was no longer the residence of the Appellant. On January 30, 1979 Appellant and Ronald Dobkin were divorced. Appellant first learned of the entry of judgment against her on June 5, 1979. She filed her Petition to Strike and/or Open the Judgment on June 27, 1979, which Petition was denied by an order of the lower court dated April 21, 1980. This appeal followed.

We shall first consider the Appellant's claims which appear to have been offered in support of her Petition to Strike, attacking purported defects appearing on the face of the record. Appellant contends that the judgment may be voided because of an improper verification of the Complaint in Confession of Judgment by the attorney for the Appellee, in violation of Pa.R.C.P. 1024(c), which is the normal case requires verification by a party and not the attorney. The trial court held that this error was harmless and non-prejudicial. We note that it was corrected by the Appellee by the filing of an amended verification. We have held that inconsequential and technical defects which are not prejudicial should not be the basis for opening a judgment. See *Davis v. Safeguard Investment Company*, 239 Pa.Super. 300, 361 A.2d 893 (1976). Here, where the defect was cured by a subsequent amendment, we must agree with the trial court that the original improper verification was a harmless irregularity which would not justify striking the judgment.

The Appellant's next contention, which could arguably support her Petition to Strike, was that the same

2. This procedure is permitted pursuant to the provisions of Pa.R.C.P. 2950 et seq.

attorney represented both the Appellee and the Appellant and her husband in the confession of judgment proceedings. This claim can afford no relief to the appellant. The relevant document, signed by Appellant, authorized "any" attorney to act on her behalf in such proceedings. Moreover, Pa.R.C.P. 2955(b) provides that: "The attorney for the plaintiff may sign the confession as attorney for the defendant unless an Act of Assembly or the instrument provides otherwise". The Appellant has not cited any statutory authority to support her argument. Thus, the lower court correctly denied Appellant's request to strike the judgment on the basis that Appellee's counsel appeared for her in the confession proceedings.

The Appellant's remaining contentions all appear to attack the confession proceedings on the basis of matters beyond the face of the record. Accordingly, we shall review such claims under the standards applicable to proceedings to open such judgments.

█ The Appellant argues that the note contained specific conditions precedent to default, which conditions did not occur prior to Appellee's filing of its Complaint in Confession of Judgment. Our review of the record discloses that the note authorized the confession of judgment proceedings to be initiated without actual default or the occurrence of any other condition precedent. We therefore agree with the lower court's conclusion that entry of judgment prior to default was justified by the provisions of the instrument which Appellant signed.

█ Appellant next argues that Appellee violated Pa.R. C.P. 2952(b), by failing to file an original or photostatic copy or like reproduction of the note on which the Judgment was based with its Complaint in Confession of Judgment. While it might appear that this contention would be considered in the context of the Petition to Strike, it is correctly addressed with reference to the Petition to Open, as the Appellant had to introduce evidence beyond the "face" of the record in support of her argument. She advanced this contention by noting that the copy of the note which the Appellee appended to its Complaint was the copy signed by Appellant prior

to the correction of the typographical error in the due date, and not the copy containing the correction and her former husband's initials to the correction. We again refer to the holding in *Davis v. Safeguard Investment Company*, supra, in the resolution of this issue and conclude that the lower court did not commit an abuse of discretion in finding that the Appellee's failure to include the copy of the note which had been typographically corrected was no more than a technical error which did not justify the opening of the judgment. The terms and conditions of the note were the same on both copies and we can discern no prejudice to the Appellant in the circumstances. It is clear that the note provided that it would be due in 180 days, and it would not be conceivable that Appellant could have believed the note to be due on April 1, 1978, three days *before* the initial date of the loan, April 4, 1978.

Appellant's next contention is based upon the decision in *Swarb v. Lennox*, 314 F.Supp. 1091 (E.D.Pa.1972), affirmed 401 U.S. 991, 91 S.Ct. 1220, 28 L.Ed.2d 529. In that case, the United States District Court for the Eastern District of Pennsylvania ruled that no judgment could be entered on a confession of judgment document unless it is first shown that the signers have intentionally, and with understanding, voluntarily waived rights lost in the confession clause. The *Swarb* case was a class action case and the rationale of the decision was to protect lower income consumers presumed to lack an adequate understanding of the operation of judgment notes. Specifically, the class covered by the holding consists of "... those individual natural persons, resident in Pennsylvania and having incomes, or conjugal incomes where both spouses have signed the documents ... of less than $10,000.00 per year at the time of the execution of the documents ..." 314 F.Supp. at 1102.

In the instant case, the Appellant presented evidence to establish that her own income, at the time of her execution of the loan documents, was less than $10,000.00 per year. However while she was married at the time, the Appellant presented no evidence as to her husband's income. Accordingly, the lower court concluded that the Appellant had not

proved that she was within the class protected by the *Swarb* decision. We must agree, as the District Court clearly provided that conjugal income was to be considered where both spouses signed the documents in issue. Thus, we reject the Appellant's claims based upon *Swarb.*

Two further claims of error are raised by the Appellant. She argues that the Appellee's loan disclosure statement violated Regulation Z of the Truth in Lending Act, 12 C.F.R. § 226.202(b) and (c). She also contends that the judgment should have been opened because she was an accommodation party, and therefore entitled to notice prior to the entry of a judgment by confession. These claims were not raised by the Appellant in her Petition, and the lower court did not address them. Pa.R.C.P. 2959(a) requires that all grounds for relief must be specifically asserted in the motion to open or strike a judgment. It is well established that arguments not properly presented by an appellant at the trial court level will not be addressed for the first time on appeal by our Court. *First Pennsylvania Bank N.A. v. Weber,* 240 Pa.Super. 593, 360 A.2d 715 (1976). Accordingly, we reject the Appellant's final two contentions of error.

The lower court's denial of appellant's petition to strike and/or open judgment is hereby affirmed.