451 A.2d 1366

**SOCIETY HILL TOWERS OWNERS ASSOCIATION**

**v.**

**Jeffrey E.W. MATTHEW and Diane M. Matthew, Appellants.**

Superior Court of Pennsylvania.

Submitted April 23, 1982.

Filed Oct. 22, 1982.

14

Jeffrey E. W. Matthew, Philadelphia, appellants, in pro. per.

Claire Rocco, Philadelphia, for appellee.

Before WICKERSHAM, BROSKY and WIEAND, JJ.

WICKERSHAM, Judge:

A complaint in confession of judgment against the Matthews was filed by the Owners Association on November 17, 1980. Judgment was confessed pursuant to a warrant of attorney contained in the Code of Regulations of Society Hill Towers, a condominium. The complaint alleged that the Matthews bought a unit from Society Hill Associates, a limited partnership, and that the deed between the Matthews and Society Hill Associates subjects the Matthews to the Code of Regulations of Society Hill Towers. In turn, the Code of Regulations requires each unit owner to pay the Owners Association yearly assessments for their proportionate share of the common expenses as defined in the Declaration of Condominium for Society Hill Towers. The complaint further alleged that the Matthews failed to pay six months of installments on the yearly assessment and then failed to pay late charges; the total of installments due and late charges was $1534.38. Addition of attorney's fees, costs and interest brought the total sum allegedly due to $1724.42, for which sum judgment was duly confessed.

The Matthews filed a petition to strike or open judgment on December 22, 1980. They argued that the confessed judgment should be stricken because disputes between unit owners and the management of the condominium are governed by the Unit Property Act,[1] which provides for the collection of unpaid assessments by filing an action in assumpsit. The Matthews also asserted that their covenant to

1. Act of July 3, 1963, P.L. 196, No. 117, § 101 *et seq.*, 68 P.S. § 700.101 *et seq.* The Unit Property Act was repealed except as to condominiums created before the effective date of the Uniform Condominium Act. Act of July 2, 1980, P.L. 286, No. 82, 68 P.S. § 3101 *et seq.*

pay the yearly assessments depended upon the Owners Association's performance of maintenance services; because the Matthews allegedly received no maintenance services they were not obliged to pay the yearly assessments.

In an order dated January 28, 1981 the Honorable Paul A. Tranchitella denied the Matthews' petition to strike or open judgment. The order was docketed on February 17, 1981 and this appeal timely followed. A sheriff's sale to satisfy the confessed judgment was scheduled, but the Matthews petitioned for a stay of the sale. A stay was granted upon condition that the Matthews post a $3400 bond. The bond was posted and the sale did not take place.[2]

Jeffrey E.W. Matthew and Diane W. Matthew, his wife, purchased a unit in Society Hill Towers from Society Hill Associates, a limited partnership, on February 28, 1980. The Matthews bought a unit, 18 D–N, and a proportionate undivided interest in the common elements of Society Hill Towers.. The deed from Society Hill Associates to the Matthews states that the purchase of unit 18 D–N was made pursuant to a recorded declaration plan (Supplemental Reproduced Record at 1b–22b) and a recorded code of regulations (Supplemental Reproduced Record at 23b–44b). Under the deed the Matthews agreed to pay charges arising from the maintenance of the common elements of Society Hill Towers as the charges were assessed by the elected Council of the Owners Association. (Reproduced Record at 28a–30a). The Matthews' acceptance of the deed also ratified and confirmed the grant of a power of attorney to confess judgment against them. (Reproduced Record at 29a).

■ The Matthews made various requests for maintenance services to the management of Society Hill Towers. They

2. On February 17, 1981 an order by Judge Tranchitella was docketed which denied Jeffrey E.W. Matthew's and Diane W. Matthew's petition to strike or open a judgment confessed against the Matthews by the Society Hill Towers Owners Association. Pa.R.A.P. 311, governing interlocutory appeals as of right, provides that an appeal may be taken from an order refusing to open or strike a judgment. Pa.R. A.P. 311(a)(1). The Matthews' notice of appeal was docketed on February 17, 1981; the appeal is timely.

asked for window shades, repairs to leaky faucets, placement of closet doors on tracks as well as a radio and television hook-up.[3] When these demands were not met the Matthews began withholding their monthly installment payments of the yearly assessment for maintenance of the common elements of Society Hill Towers.

DISCUSSION

■ The Matthews frame their sole appellate issue as follows:

> Did not the lower Court in denying Appellants' Petition to Strike or Open a Confession of Judgement [sic] ignore the requirement of the Unit Property Act 68 P.S. 700.703, Pa.R.C.P. 2959(e), that a suit in Assumpsit be filed for any charge 'assessed against a unit' and that if there are issues which are submissible to a jury the Judgement [sic] shall be opened and furthermore that in said denial, the Appellants constitutional right to due process was completely denied?

Initially, we note that the Matthews are not entitled to have the judgment at issue stricken. As we said in *Bethlehem Steel Corp. v. Tri State Industries,* 290 Pa.Super. 461, 470, 434 A.2d 1236, 1240 (1981) (citations omitted):

> A petition to strike a judgment is a common law proceeding, and operates as a demurrer to the record. Thus, a petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. Matters dehors the record will not be considered, and if the record is self-sustaining, the judgment will not be stricken.

**3.** We have before us an amendment to the Matthews' brief in support of their argument that the Owners Association was obligated to provide these services. The amended brief contains no legal argument but rather proffers several letters and a pamphlet. The contents of the so-called amended brief were not received into evidence by the lower court. This court is bound to consider only those facts which are in the record and may not consider those interjected by briefs. *Dile v. Dile,* 284 Pa.Super. 459, 465 n. 5, 426 A.2d 137, 141 n. 5 (1981); *Greene v. Liebergott,* 235 Pa.Super. 475, 344 A.2d 501 (1975).

In this case, no defect in the judgment confessed against the Matthews appears in the record. The lower court correctly refused to strike the judgment.

■ The Matthews argue that a complaint in confession of judgment is an improper method of collecting assessment charges. They believe that the provisions of the Unit Property Act provide an exclusive remedy for collection of assessments. Section 703 of the Unit Property Act provides:

> Any charge assessed against a unit may be enforced by suit by the council acting on behalf of the unit owners in an action in assumpsit: Provided, That each suit when filed shall refer to this act and to the unit against which the assessment is made and the owner thereof and shall be indexed by the prothonotary as lis pendens. Any judgment against a unit and its owner shall be enforceable in the same manner as is otherwise provided by law.

68 P.S. § 700.703.

We agree with the learned judge below that the above quoted language is permissive and not directory. When the legislature said charges assessed against a unit "may" be enforced by a suit in assumpsit it meant just that. A suit in assumpsit is not the only permissible method for collecting assessed charges, it is simply a permissible collection method. There was no abuse of discretion in the lower court's refusal to open judgment on this issue.

The appellants also contend that the lower court failed to comply with the mandate of Pa.R.C.P. No. 2959(e), which provides:

> (e) The court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence. The court for cause shown may stay proceedings on the petition insofar as it seeks to open the judgment pending disposition of the application to strike off the judgment. If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment.

The Matthews' petition seeking to open the judgment asserted, *inter alia,* that the required "confession of judgment notice" was not provided to them by the Owners Association, that no contractual documents existed upon which to confess judgment, that the entry of judgment was in retaliation for a lawsuit filed by the Matthews against the declarant and predecessor owners of Society Hill Towers, that the Owners Association could not act on behalf of the unit owners and that the Owners Association refused to provide maintenance services to the Matthews. The Owners Association denied these allegations in its answer to the petition to open or strike judgment.

The Matthews believe that their allegations alone created an issue of fact requiring the lower court to open the judgment. Yet Pa.R.C.P. No. 2959(e) directs the trial court to dispose of the rule on petition and answer as well as testimony, depositions, admissions and other evidence. The parties here did not take depositions but the Matthews ordered the matter on the motion list for disposition. When the moving parties order the cause for argument on answer and petition, as they did in this case, "all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule," Pa.R.C.P. No. 209(b).

 The trial judge applied Rule 209(b) to this case and made the following conclusions:

1. The requisite 'Confession of Judgment Notice' was attached and filed by the Respondent as noted in the record.

2. 'Contractual' documents were filed by Respondents (the Deed) and judgment by confession was entered upon the Deed as well as the Code of Regulations.

3. The entry of judgment was not retaliatory.

3. [sic] Society Hill Towers Owners' Association was lawfully acting for the unit owners as an unincorporated association.

 5. Respondent did not refuse to render maintenance services to the Common Elements as required.

Lower ct. op. at 6–7.

We agree with the trial judge's determination of these issues, Judge Tranchitella's findings on the petition and answer are fully supported by the record.

 Further, it is clear that the confessed judgment should not have been opened. To successfully open a confessed judgment the party seeking to open the judgment must act promptly and set forth a meritorious defense.[4] *Hellam Township v. DiCicco*, 287 Pa.Super. 227, 429 A.2d 1183 (1981); *Equibank N.A. v. Dobkin*, 284 Pa.Super. 143, 425 A.2d 461 (1981). The Matthews failed to produce evidence establishing a meritorious defense. The Matthews' evidence was that they requested window shades, a terminal for a radio-television hook-up, repairs to kitchen and bathroom faucets and placement of closet doors on tracks. Yet under the Declaration and Code of Regulations the Owners Association is responsible only for maintenance of the common elements as defined by the Declaration. The Declaration and Code of Regulations require unit owners to repair and maintain their own apartments. As the lower court correctly observes, "By their own exhibits, Petitioners have shown that they requested services that the Association is not responsible to provide. They cannot now assert that their mere request for such services constitutes a valid defense and entitles them to have respondent's judgment opened." Lower ct. op. at 7–8.

 We agree with Judge Tranchitella. Our scope of review in an appeal from a denial of a petition to open a judgment is limited. "The decision of the lower court as to whether or not a judgment should be opened is to be based upon equitable considerations, and we will not disturb that decision absent a clear and manifest abuse of discretion." *Equibank N.A. v. Dobkin, supra*, 284 Pa.Superior Ct. at 147,

---

4. The Owners Association does not argue that the Matthews were dilatory in petitioning the court to open or strike the judgment confessed against them.

425 A.2d at 463. There was certainly no abuse of discretion in this case.

The Matthews finally argue that their constitutional right to due process of law was violated by the Owners Association's confession of judgment against them. They point out that the Uniform Condominium Act, Act of July 2, 1980, P.L. 286, No. 82, 68 P.S. § 3101 *et seq.,* allows imposition of charges for late payment of assessments and allows fines to be imposed for violations of the declaration, by-laws, rules and regulations of the association after notice and an opportunity to be heard. 68 P.S. § 3302(a)(11). Assuming, without deciding, that section 3302(a)(11) gives unit owners due process rights before fines for violations of the condominium's regulations are imposed does not advance the Matthews' position, because the Uniform Condominium Act does not apply to condominiums created, like Society Hill Towers, before the effective date of the Uniform Condominium Act. The Matthews' constitutional argument is meritless.[5]

Order affirmed.

---

**5.** In its complaint in confession of judgment the Owners Association filed an affidavit averring that the Matthews conjugal income was in excess of $10,000 a year. Thus the entry of a confessed judgment against the Matthews did not violate the dictates of *Swarb v. Lennox,* 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972).