## The Fidelity Bank v. McAlinden

*Carol E. Ballentine,* for plaintiff.
*Henry I. Jacobson,* for defendant.

LORD, *J.,* November 22, 1982—The above cases involve petitions to open judgments by confession. The facts are admitted and the petitions to open will be granted under equitable principles.

The facts are as follows. Petitioners obtained separate mortgages on the houses involved in the amount of $59,000. Both mortgages have been reduced by payments to less than one-half the amount of the original mortgages. Plaintiff then, after defendants fell behind in their mortgages and plaintiff confessed judgments in the full amount of the balance, sent notice to defendants termed an Act Six Notice which told them the total amount was due and inconsistently stated that they could cure three times within the calendar year and "If the default is cured in this manner you will be restored to the same position as if the default had not occurred." The notice was, of course, a mistake on the part of the plaintiff and should not have been sent since, as plaintiff now argues, Act Six only applies to mortgages under $50,000.

Defendants then paid by certified checks the amounts due to bring the mortgages current and plaintiff then took this amount but stated that it would be used to reduce the indebtedness and said "the statutory 30 day letter . . . did not include the right to cure."

However, this court concludes that the erroneously sent Act Six Notice may well have misled the

defendants and certainly the retention of the money sent which was only sent for the purpose of curing the default establishes a contract between defendants and plaintiff which cannot be unilaterally abrogated by the letter while it still retains the money. Certainly, the equities support the position of defendants who have received an erroneous notice, paid a considerable amount of the mortgage and sent the amount they reasonably thought might cure the default and then find the plaintiff has taken such money and nevertheless failed to cure the default. "The decision of the lower court as to whether or not a judgment should be opened is to be based upon equitable considerations. . . ." Equibank, N.A. v. Dobkin, 425 A.2d 461, 463 (1981).

## ORDER

And now, this November 22, 1982, it is ordered and decreed that the judgment is hereby opened and defendants James McAlinden and Jane McAlinden let into a defense.