Cornelius Hamm, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 8, 1983, to Judges Williams, Jr., Craig and MacPhail, sitting as a panel of three.

*Michelle Terry,* with her *Antoinette Jones,* for petitioner.

*Charles Donahue,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., September 19, 1983:

Claimant[1] appeals from an Unemployment Compensation Board of Review (Board) order which reversed the referee's determination and denied unemployment benefits because of Claimant's wilful misconduct under Section 402(e) of the Unemployment Compensation Law (Law).[2]

Claimant was employed as a "counter worker" by Employer[3] for five and one-half years. Claimant's duties included counting daily the piece work performed by each welder and reporting the numbers to the responsible welding supervisor who would then record each welder's daily output on that employe's work sheet. Upon the welding supervisors' signing of the work sheets, each welder's wage would then be computed according to the piecework count recorded on the respective work slips. For June 4, 1981, Claimant, without authorization, and in deliberate violation of Employer policy and rules,[4] completed a number of work sheets and falsified the signatures of two welding supervisors. On June 8, 1981, Claimant was discharged.

After the Office of Employment Security (OES) denied benefits under Section 402(e) of the Law,

---

[1] Cornelius Hamm.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[3] Sun Shipbuilding and Dry Dock Company, Inc.

[4] Employer work rule No. 13 provides for the immediate discharge of employes responsible for falsifying company records. (Employer's Exhibit No. 2.)

Claimant appealed to the referee who, upon Employer's nonappearance at the hearing, issued a decision reversing OES and allowing benefits. The Employer appealed and the Board remanded the matter to a different referee presiding as the Board's hearing officer. Subsequent to the hearing, during which neither Claimant nor Employer were represented by counsel, the Board issued an order reversing the referee's decision and denying benefits pursuant to Section 402(e) of the Law. This appeal followed.

Claimant contends that the Board's order should be vacated and the case remanded to allow the Board, after rehearing (during which Claimant will have the benefit of counsel), to make factual findings pertinent to Claimant's allegedly "schizophrenic" mental state at the time of his misconduct. Further, asserting that he was "grossly psychotic" and not competent to represent himself during the Board hearing, Claimant proposes that we order a rehearing, where, now represented, he can adequately and competently present his case.[5]

In support of his "insanity defense," Claimant's brief proffers several letters (attached as exhibits) and numerous factual assertions relevant to Claimant's "psychosis" on or about the time of the misconduct. Unfortunately, *none* of the letters or assertions is of record, and we can not consider anything which is not of record, duly certified, and transmitted to us by the Board.[6] *See, McCaffrey v. Pittsburgh*

---

[5] Although the referee, acting as the Board's hearing officer, did not inform Claimant of his right to counsel (in violation of 34 Pa. Code §101.21(a)), the omission constituted harmless error because of Claimant's inculpatory testimony. *Robinson v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 275, 431 A.2d 378 (1981).

[6] Pa. R.A.P. 1951(a), entitled "Composition of the record," provides the following:

*Athletic Association,* 448 Pa. 151, 162, 293 A.2d 51, 57 (1972); *Society Hill Towers Owners Association v. Matthew,* 306 Pa. Superior Ct. 13, 451 A.2d 1366, 1369 n. 3 (1982); *City of Erie v. Pennsylvania Public Utility Commission,* 41 Pa. Commonwealth Ct. 194, 198, 398 A.2d 1084, 1087 (1979) ("It is a fundamental principle of appellate review that the appellate court is confined to the record before it, excluding matters or facts asserted in briefs.").

Additionally, except for mentioning that he had a "nervous breakdown" *subsequent* to being discharged, at no time during the proceedings did Claimant assert that his mental condition rendered him, at the time of commission, incapable of understanding the nature, and appreciating the wrongfulness, of his conduct. *See, Genovese v. Workmen's Compensation Appeal Board (National Record Mart, Inc.),* 69 Pa. Commonwealth Ct. 176, 179, 450 A.2d 325, 327 (1982).

Concluding that the Board's adjudication sets forth those findings necessary to resolve the issue raised by the evidence of *record* which is relevant to the decision, *Lipchak v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 451, 457, 383 A.2d 970, 972 (1982), and properly addresses all questions pertinent to the issue of Claimant's wilful misconduct, *Genovese,* we affirm the Board's order.

---

Where under the applicable law the questions raised by a petition for review may be determined by the court in whole or in part upon the record before the government unit, such record shall consist of:

(1) The order or other determination of the government unit sought to be reviewed.

(2) The findings or report on which such order or other determination is based.

(3) *The pleadings, evidence and proceedings before the government unit.* (Emphasis added.)

AND Now, 19th day of September, 1983, the order of the Unemployment Compensation Board of Review, dated December 15, 1981, at Decision No. B-201881, is affirmed.