**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GARY DUNSWORTH AND CYNTHIA DUNSWORTH, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| THE DESIGN STUDIO AT 301, INC., | |
| Appellant | No. 2071 MDA 2015 |

Appeal from the Order Entered November 2, 2015
in the Court of Common Pleas of Lebanon County
Civil Division at No.: 2014-01993

BEFORE:  STABILE, J., PLATT, J.[*], and STRASSBURGER, J.[*]

MEMORANDUM BY PLATT, J.:                          **FILED JUNE 23, 2016**

Appellant, The Design Studio at 301, Inc., in this companion case to the appeal filed at No. 2070 MDA 2015, appeals from the order denying its petition to strike and/or open a default judgment against it and in favor of Appellees, Gary and Cynthia Dunsworth.  For the reasons discussed below, we affirm.

We take the facts and underlying procedural history in this matter from the trial court's January 14, 2016 opinion.

On November 12, 2014, [] Gary and Cynthia Dunsworth (hereinafter "Appellees") filed a [c]ivil [c]omplaint.  The caption referred to the Appellant as "The Design Group at 301, Inc." The [c]omplaint alleged that Appellees and Appellant entered

_____

[*] Retired Senior Judge assigned to the Superior Court.

into a contract for the Appellant to complete certain home improvement work. However, Appellant failed to fulfill its obligations under the contract. The [c]omplaint contained three counts: breach of contract, breach of implied warranty, and fraud/misrepresentation.

On January 7, 2015, Appellees filed a praecipe for entry of default judgment due to Appellant's failure to file a responsive pleading to the [c]omplaint. The praecipe indicates that a notice of intention to file the praecipe was mailed to Appellant on December 24, 2014. Default judgment was entered against the Appellant on January 7, 2015 by the [p]rothonotary via praecipe in the amount of $18,356.00, exclusive of interest and costs.

On February 9, 2015, Appellees filed a [m]otion to [a]mend [c]aption. Counsel asserted that through inadvertence and clerical error, the [c]omplaint recited the name of Appellant as "The Design Group at 301, Inc." instead of "The Design Studio at 301, Inc.," and the latter is the correct name of Appellant. Appellees sought to amend Appellant's name wherever it appear[ed] in the record to reflect the correct name. The matter was listed for the March 2015 [t]erm of [a]rgument [c]ourt. The parties waived oral argument and agreed to have the matter decided on the briefs. Appellees filed a brief in support of their position on February 25, 2015. **Appellant did not file a brief in opposition.** By [c]ourt [o]rder and [o]pinion [entered] April 10, 2015, [the trial c]ourt granted the [m]otion to [a]mend [c]aption.

On March 30, 2015, Appellees filed a [m]otion to [c]ompel [d]iscovery asserting that they served upon Appellant post-judgment discovery requests, but Appellant failed to respond to the requests. The [m]otion to [c]ompel [d]iscovery was listed for the May 2015 [t]erm of [a]rgument [c]ourt. **Appellant never filed a response to the [m]otion to [c]ompel.** Accordingly, the [m]otion to [c]ompel was granted by [c]ourt [o]rder dated [June 1], 2015. The [o]rder stated, "The [d]efendant (Appellant) shall provide full, complete, and verified responses to the [p]laintiffs' (Appellees) discovery requests within 30 days after entry of this [o]rder, or suffer appropriate sanctions upon further application to the [c]ourt."

On July 13, 2015, Appellees filed a [m]otion for [s]anctions claiming that they still did not receive the discovery requests

despite the [c]ourt [o]rder.  On July 14, 2015, the [m]otion for [s]anctions was granted and Appellant was ordered to remit the sum of $1,650.00 to Appellees, which sum represented attorneys' fees and costs incurred in connection with the motion. Further, Appellant was found in contempt of the [June 1], 2015 [c]ourt [o]rder.  However, no additional sanctions were ordered.

On August 5, 2015, Carmen Stanziola, Esq. entered his appearance on behalf of Appellant.  On the same date, said counsel filed a [m]otion to [v]acate the July 14, 2015 [sanctions] [c]ourt [o]rder, and he additionally filed a [p]etition to [o]pen and/or [s]trike the [d]efault [j]udgment.  On August 24, 2015, Appellees filed respective answers, and filed briefs in support of their positions on September 10, 2015.  The [m]otion to [v]acate [sanctions] and [p]etition to [o]pen and/or [s]trike were both listed for the September 2015 [t]erm of [a]rgument [c]ourt.  Oral argument was heard on September 25, 2015.  On [November 2], 2015 [the trial c]ourt denied Appellant's [m]otion to [v]acate and [p]etition to [o]pen/[s]trike.

Appellant filed its notice of appeal on November 30, 2015. [The trial c]ourt ordered Appellant to file a [c]oncise [s]tatement of [e]rrors [c]omplained of on Appeal, pursuant to [Pa.R.A.P.] 1925(b), which was filed on December 4, 2015.  Appellant filed its [c]oncise [s]tatement of [e]rrors [c]omplained of on [a]ppeal on December 21, 2015.  [On January 14, 2016, the trial court issued an opinion.  **See** Pa.R.A.P. 1925(a)].

(Trial Court Opinion, 1/14/16, at 1-3) (emphasis added).

On appeal, Appellant raises the following question for our review:

Whether the trial court erred in denying the petition to strike/open judgment and to vacate order?

(Appellant's Brief at 4) (most capitalization omitted).

Appellant challenges the denial of its motion to open the default judgment.  (**See** Appellant's Brief, at 8-10).  However, this issue lacks merit.

It is well settled that a petition to open a default judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal. An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will.

Generally speaking, a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint.

*Kelly v. Siuma*, 34 A.3d 86, 91-92 (Pa. Super. 2011), *appeal denied*, 42 A.3d 294 (Pa. 2012) (citations and footnote omitted).

Here, Appellant has waived this claim because its argument is undeveloped. The argument consists of a paragraph of boilerplate law (*see* Appellant's Brief, at 8), followed by several intervening paragraphs that concern the denial of the motion to strike. (*See id.* at 8-9). Subsequently, Appellant inserts a single sentence argument regarding the denial of the motion to open, in, which it claims it had no opportunity to develop a record on the issue because the trial court did not "provide Appellant with notice and any opportunity to respond or be heard, in the form of an oral argument or evidentiary hearing."[1] (Appellant's Brief, at 9-10). Appellant at no point

_____

[1] We note the record demonstrates that the prothonotary listed this matter for oral argument on September 25, 2015. (*See* Notice of Listing Case for
*(Footnote Continued Next Page)*

attempts to apply the facts of this matter to the three-part test for granting a motion to open. It is long-settled that failure to argue and to cite any authority supporting the argument constitutes a waiver of the issue on appeal. *See Jones v. Jones*, 878 A.2d 86, 90 (Pa. Super. 2005). This Court will not act as counsel and will not develop arguments on behalf of an appellant. *See Bombar v. West Am. Ins. Co.*, 932 A.2d 78, 94 (Pa. Super. 2007). When deficiencies in a brief hinder our ability to conduct meaningful appellate review, we can dismiss the appeal entirely or find certain issues to be waived. *See* Pa.R.A.P. 2101. Because Appellant has failed to develop this issue, it waived it.[2] *See id.*; *see also Bombar*, *supra* at 94; *Jones*, *supra* at 90.

Appellant next claims that the trial court erred in denying its motion to vacate the July 14, 2015 order imposing the sanction of attorney's fees. We note "[o]ur standard of review of issues concerning sanctions is one of abuse

*(Footnote Continued)* ————————

Argument Court, 8/10/15, at unnumbered page 1). In its Rule 1925(a) opinion, the trial court states that oral argument did take place on that date. (*See* Trial Ct. Op., 1/14/16, at 3). The record does not contain any transcript of oral argument; however, it also does not contain any indication that the trial court canceled oral argument. This Court has clearly stated that it is the Appellant's responsibility to ensure that the certified record contains all documents necessary to ensure that this Court is able to review its claims. *See Commonwealth v. B.D.G.*, 959 A.2d 362, 372 (Pa. Super. 2008); Pa.R.A.P. 1926; Pa.R.A.P. 1931.

[2] In any event, the trial court opinion properly disposes of this issue. (*See* Trial Ct. Op., 1/14/16, at 4-5) (holding that Appellant did not timely file its petition to open, when it filed the petition approximately seven months after entry of the default judgment).

of discretion by the trial court." ***ACE Am. Ins. Co. v. Underwriters at Lloyds and Companies***, 939 A.2d 935, 945 (Pa. Super. 2007), *aff'd*, 971 A.2d 1121 (Pa. 2009) (citation omitted).

However, Appellant waived this claim because it did not include it in its Rule 1925(b) statement, which only challenged the denials of the motion to open and petition to strike. (***See*** Concise Statement of Errors Complained of upon Appeal, 12/21/15, at unnumbered page 1). Thus, the trial court did not address it in its Rule 1925(a) opinion. (***See*** Trial Ct. Op., 1/14/15, at 4-6).

As amended in 2007, Pennsylvania Rule of Appellate Procedure 1925 provides that issues that are not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived. ***See*** Pa.R.A.P. 1925(b)(4)(vii); ***see also Commonwealth v. Lord***, 719 A.2d 306, 308 (Pa. 1998), *superseded by rule on other grounds as stated in* ***Commonwealth v. Burton***, 973 A.2d 428, 431 (Pa. Super. 2009). Accordingly, we find that because Appellant did not raise the denial of its motion to vacate the sanctions order in its Rule 1925(b) statement, it waived the claim.

Lastly, Appellant claims that the trial court erred in denying its petition to strike. (***See*** Appellant's Brief, at 8-9). We disagree.

> Our standard of review from the denial of a petition to strike a judgment is limited to whether the trial court manifestly abused its discretion or committed an error of law. A petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. Matters outside of the record will not be considered and if the record is self-

sustaining, the judgment will not be stricken. For example, a judgment is properly stricken where the record indicates a fatal flaw such as defective service.

*Vogt v. Liberty Mut. Fire Ins. Co.*, 900 A.2d 912, 915-16 (Pa. Super. 2006) (citations and quotation marks omitted).

To the extent it can be determined from Appellant's brief, its argument is a layered one. Appellant claims that the original complaint had a fatal defect on the face of the record because its name in the complaint was stated incorrectly.[3] (*See* Appellant's Brief, at 8). Appellant next seems to contend that the trial court's grant of Appellees' motion to amend the caption did not cure the defect because the trial court erred in allowing amendment. (*See* Appellant's Brief, at 8-9). We disagree.

Initially, we note that the defect in this case consisted of a single word; Appellees used the word "group" in the caption instead of "studio," when naming Appellant. "We have held that inconsequential and technical defects which are not prejudicial should not be the basis for opening a judgment. Here, where the defect was cured by a subsequent amendment [of the caption] . . . the original improp[riety] was a harmless irregularity which would not justify striking the judgment." *Equibank, N.A. v. Dobkin*, 425 A.2d 461, 464 (Pa. Super. 1981) (citation omitted). In the instant

---

[3] While Appellant also complains that the address listed for Appellant was incorrect, it fails to provide any proof in support of that assertion and does not contend that it did not receive service of any of the documents in this action. (*See* Appellant's Brief, at 4-11).

matter, Appellees cured the error by seeking and obtaining leave to amend all filed documents to correct the name. *See id.* Appellant has not shown that the use of a single incorrect word prejudiced it. Thus, the trial court neither abused it discretion nor committed an error of law in failing to strike the judgment on this basis. *See id.*; *Vogt*, *supra* at 915-16.

Moreover, to the extent that Appellant claims that the trial court erred in allowing the amendment, (*see* Appellant's Brief, at 8-9), it waived the claim. It is a long settled principle of law that a party must "raise all defenses or grounds for relief at the first opportunity. A party who fails to raise such defenses or grounds for relief may not assert that the trial court erred in failing to address them." *Walsh v. Borczon*, 881 A.2d 1, 5 (Pa. Super. 2005) (citation omitted).

In the instant matter, on February 17, 2015, the trial court directed that the parties file briefs in response to Appellees' motion to amend the caption. (*See* Notification of Listing Case for Argument Court, 2/17/15, at unnumbered page 1). Appellant elected not to comply. By order of April 10, 2015, the trial court granted the motion noting that the error in question was a "scrivener's/clerical error" and that Appellant did not file a brief in opposition. (Trial Court Opinion, 4/10/15, at 3; *see id.* at 2). As Appellant failed to oppose the motion at the first available opportunity, he cannot now claim that the trial court granted it in error. *See Walsh*, *supra* at 5; *see also State Farm Mut. Auto. Ins. Co. v. Dill*, 108 A.3d 882, 886 (Pa.

Super. 2015), *appeal denied*, 116 A.3d 605 (Pa. 2015) (appellant waived argument regarding composition of arbitration panel by not objecting at first available opportunity). Thus, Appellant's claim that the trial court erred in granting the motion to amend the caption is waived.[4]

Accordingly, for the reasons discussed above we affirm the order of November 2, 2015.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2016

---

[4] Moreover, we note that the sole legal support cited by Appellant in support of its contention is ***Heybach & Sons, Inc. v. Rascal's Tavern***, 19 D. & C.3d 497 (Philadelphia County, Ct. of Com.Pl. 1981). Decisions of the Courts of Common Pleas are not binding precedent. ***See Hirsch v. EPL Tech., Inc.***, 910 A.2d 84, 89 n.6 (Pa. Super. 2006), *appeal denied*, 920 A.3d 833 (Pa. 2007). While such decisions can be persuasive, ***see id.***, we see nothing in this brief opinion, which is lacking in analysis, which would cause us to question the trial court's thorough and well-written decision granting leave to amend the caption.