J. A19037/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH BONACUSE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| PETER J. BONACUSE, | : | No. 12 MDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered December 17, 2017,
in the Court of Common Pleas of Lackawanna County
Civil Division at No. 16 CV 5302

BEFORE:  GANTMAN, P.J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED: NOVEMBER 8, 2018**

Peter J. Bonacuse appeals from the December 17, 2017 order entered by the Court of Common Pleas of Lackawanna County denying his petition to strike and/or open judgment.  After careful review, we affirm.

The trial court provided the following factual and procedural history:

> (1)  On September 19, 2016, [appellee], Joseph Bonacuse, filed a Complaint in Confession of Judgment against his brother, Peter J. Bonacuse, III.
>
> (2)  In the Complaint, [appellee] alleges that [appellant] executed a promissory note in favor of [appellee] on August 1, 2006.
>
> (3)  As of the filing of the Complaint, [appellee] claims he is owed the sum of $611,420.00, which includes interest and attorney's fees.
>
> (4)  On September 19, 2016, pursuant to [appellee's] Complaint, a judgment by

confession was entered in the aforementioned amount.

(5) On January 12, 2017, [appellant] filed a Petition to Strike and/or Open Judgment.

(6) On December [14], 2017, after completion of oral argument and briefs submitted by counsel, this court denied [appellant's] Petition to Strike and/or Open Judgment.

(7) On December 22, 2017, [appellant] filed a Notice of Appeal to the Superior Court of Pennsylvania.

(8) On February 8, 201[8, appellant] filed a Concise Statement of Matters Complained of on Appeal.

Trial court memorandum at 1. The trial court filed a memorandum pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

A. Whether the hearing judge erred and abused discretion in failing to strike the confessed judgment because the complaint filed September 19, 2016 and Note dated August 1, 2006 on their face show that the statute of limitations has expired?

B. Whether the hearing judge erred and abused discretion in failing to strike the confessed judgment because [appellee] omitted attaching an affidavit that the copy of the Note attached to the complaint was a true and correct copy of the original Note, a requirement of both the Note itself and Pa.R.C[iv.]P. 2952(a)(2), where [appellee] has admitted he never had possession of the Note at issue?

C. Alternatively, whether the hearing judge erred and abused discretion in failing to open the confessed judgment in the face of black letter

statutory law mandating that [appellee] be in possession of the original Note either at the time of enforcement or at the time of loss, destruction or theft of the Note under Sections 1201(21), 3301 and 3309 of the Pa. UCC. Appellee [] was never a holder of the lost, destroyed or stolen Note under UCC Section 3301 and UCC Section 1201(21) and is therefore not a person entitled to enforce the Note, a valid defense?

D.    Alternatively, whether the hearing judge erred and abused discretion in failing to open the confessed judgment because the payment terms of the Note are ambiguous and the statute of limitations cannot be resolved without a fact-finder's resolution of the ambiguity?

Appellant's brief at 4-5.

Having determined, after careful review, that the Honorable Margaret Bisignani Moyle, in her Rule 1925(a) memorandum, ably and comprehensively disposes of appellant's issues on appeal, with appropriate reference to the record and without legal error, we will affirm on the basis of that memorandum.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/2018

| | |
|---|---|
| JOSEPH BONACUSE | : IN THE COURT OF COMMON PLEAS |
| Plaintiff | : OF LACKAWANNA COUNTY |
| | : |
| v. | : CIVIL – ACTION - LAW |
| | : |
| PETER J. BONACUSE, III | : |
| Defendant | : 2016 CV 5302 |

**MEMORANDUM**

**BISIGNANI MOYLE, J.**

### I. PROCEDURAL AND FACTUAL HISTORY

(1)     On September 19, 2016, the Plaintiff, Joseph Bonacuse, filed a Complaint in Confession of Judgment against his brother, Peter J. Bonacuse III.

(2)     In the Complaint, the Plaintiff alleges that the Defendant executed a promissory note in favor of the Plaintiff on August 1, 2006.

(3)     As of the filing of the Complaint, the Plaintiff claims he is owed the sum of $611,420.00, which includes interest and attorney's fees.

(4)     On September 19, 2016, pursuant to the Plaintiff's Complaint, a judgment by confession was entered in the aforementioned amount.

(5)     On January 12, 2017, Defendant filed a Petition to Strike and/or Open Judgment.

(6)     On December 17, 2017, after completion of oral argument and briefs submitted by counsel, this court denied Defendant's Petition to Strike and/or Open Judgment.

(7)     On December 22, 2017, Defendant filed a Notice of Appeal to the Superior Court of Pennsylvania.

(8)     On February 8, 2017, Defendant filed a Concise Statement of Matters Complained of on Appeal.

(9)     This Memorandum accompanies the Order filed by this Court on December 17, 2017.

## II. MATTERS COMPLAINED OF ON APPEAL

In his Concise Statements of Matters Complained of on Appeal, the Defendant raises the following allegations of error:

The hearing Judge erred in failing to strike the confessed judgment because:

(1) The complaint filed September 19, 2016 and note dated August 1, 2006 on their face show that the statute of limitations long ago expired; and

(2) The Plaintiff failed to attach an affidavit that the copy of the note attached to the complaint was a true and correct copy of the original note, a requirement of both the note itself and Pa.R.C.P. 2952(a)(2). Alternatively, the hearing Judge erred in failing to open the confessed judgment because:

(1) The record shows that the Plaintiff was never a holder of the lost, destroyed or stolen note under UCC Section 301, and is therefore not a person entitled to enforce the note under UCC Section 309, 13 Pa.C.S.A. 3301 and 3309, a defense that must be presented in a jury trial; and

(2) If the note at issue is determined to be ambiguous, a jury trial is necessary to resolve the ambiguity of when the first payment thereunder became due and payable in light of the drafting attorney's note that interest only was payable until July 2016.

## III. DISCUSSION

**A)     PETITION TO STRIKE:**

A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. In considering the merits of a petition to strike, the court will be limited to a review of only the record *as filed by the party in whose favor the warrant is given,* i.e., the complaint and the documents which contain confession of judgment clauses. Matters dehors the

2

record filed by the party in whose favor the warrant is given will not be considered. If the record is self-sustaining, the judgment will not be stricken. Resolution Trust Corp. v. Copley Qu–Wayne Assocs., 546 Pa. 98, 683 A.2d 269, 273 (1996) (*emphasis in original, internal citations omitted*).

In his first argument, Defendant asserts that the complaint filed September 19, 2016 and note dated August 1, 2006 on their face show that the statute of limitations long ago expired. However, a plain reading of the terms of the note clearly indicate that no payment, duty or other obligation was required until August 1, 2016.[1] Under Pennsylvania law, the four-year statute of limitations applicable to claims for failure to make payments due under a contract does not start to run until the payment is due. Raucci v. Candy & Toy Factory, 145 F.Supp.3d 440 (E.D.Pa. 2015). Accordingly, Plaintiff's action did not accrue until Defendant failed to make his first payment in August of 2016. Thus, the statute of limitations argument is without merit and the appeal should be denied.

In his second argument, Defendant relies on the assertion that Plaintiff failed to attach an affidavit that the copy of the note attached to the complaint was a true and correct copy. *See* Pa.R.C.P. 2952(a)(2). In Equibank, N.A. v. Dobkin, 425 A.2d 461, 465 (Pa. Super 1981), the Pennsylvania Superior Court addressed this issue by stating that "Appellee's failure to include the copy of the note which had been typographically corrected was no more than a technical error which did not justify the opening of the judgment. The terms and conditions of the note were the same on both copies and we can discern no prejudice to the Appellant…" In the instant matter, Plaintiff's complaint included a copy of the note. Notably, no one disputes the copy is an exact copy of the

---

[1] Attorney Nicholas Tellie, scrivener of the note, testified in his deposition that no payment was due until August 1, 2016 (N.T. at pp. 53-54).

3

original note. Similar to the court in <u>Equibank</u>, this court is unable to discern any prejudice to the Defendant as a result of Plaintiff's counsel's failure to use the words "true and correct" in its Complaint. Therefore, this argument is without merit and the appeal should be denied.

**B)    PETITION TO OPEN:**

A petition to open a judgment is an appeal to the equitable powers of the court. <u>First Seneca Bank & Trust Co. v. Laurel Mountain Development Corp.</u>, 506 Pa. 439, 485 A.2d 1086 (1984). It is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of that discretion. *Id.* If a petition to open a judgment is to be successful, it must meet the following test: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense. <u>McCoy v. Public Acceptance Corp.</u>, 451 Pa. 495, 305 A.2d 698 (1973); <u>Liquid Carbonic Corp. v. Cooper & Reese, Inc.</u>, 272 Pa. Super. 462, 416 A.2d 549 (1979).

Defendant argues that since the Plaintiff attached a copy of the original note to his Complaint, and never having been a holder of the original note, he is unable to enforce the note under 13 Pa.C.S.A. §3309.

Under Pennsylvania law, the following are entitled to enforce an instrument:

"Person entitled to enforce" an instrument means:

(1) the **holder** of the instrument;

(2) a nonholder in possession of the instrument who has the rights of a **holder**; or

(3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section **3309** (relating to enforcement of lost, destroyed or stolen instrument) or 3418(d) (relating to payment or acceptance by mistake).

13 Pa.C.S.A. § 3309.

4

As the payee identified in the Note, Plaintiff has the rights of a holder. *See* 13 Pa.C.S.A. §1201. Furthermore, the Defendant has repeatedly acknowledged having executed the Note and enjoyed the benefit of having received a substantial amount of real estate as a result of its execution.[2] Accordingly, this argument is without merit.

In his final argument, the Defendant avers that he is entitled to a jury trial to resolve "ambiguity" contained in the note. More specifically, he points to an attorney's note disclosed during discovery that he alleges suggests that interest only was payable on the note until July 2016. We find this argument to be meritless.

A contract's language is unambiguous if it can be determined without any other guide than knowledge of the simple facts on which its meaning depends. Profit Wize Marketing v. Wiest, 812 A.2d 1270, 1274 (Pa.Super.2002). When the contract is clear and unambiguous, the meaning of the contract is ascertained from the writing alone. Kmart of Pennsylvania, L.P. v. MD Mall Associates, LLC, 959 A.2d 939, 944 (Pa.Super.2008), *appeal denied*, 602 Pa. 667, 980 A.2d 609 (2009). A court must not distort the meaning of the language or resort to a strained contrivance to find an ambiguity. Mitsock v. Erie Ins. Exchange, 909 A.2d 828, 831 (Pa.Super.2006). Additionally, a mere disagreement between the parties regarding the proper construction of the language does not render the contract ambiguous. Baney v. Eoute, 784 A.2d 132, 136 (Pa.Super.2001). In the context of a petition to open a confessed judgment, "[t]he function of our [C]ourt is not to [w]eigh the evidence in support of the defense, but merely to determine whether there was sufficient evidence to go to the jury". Foerst v. Rotkis, 244 Pa.Super. 447, 368 A.2d 805, 807–08 (1976). We find the language contained in the promissory note to be clear and unambiguous. Any assertions made by

---

[2] The Defendant acknowledged in his deposition that his execution of the Note was necessary to give effect to his father's estate planning, which resulted in Defendant's receipt of approximately $1.7 million of real estate.

5

Defendant to the contrary are the types of distortions of plain facts that we are forbidden from considering. Accordingly, the argument is without merit and the appeal should be denied.

6